Michael D. Wilson
Hill Rivkins LLP
45 Broadway, 15th Floor
New York, New York 10006
Tel.: 212-669-0600

Attorneys for Defendants
Pacific International Services, Pan American
Trading Company, Inc., Fruit Importers Americas,
Inc., Pacific Group Holdings, Inc., Ecuadorian
Line, Inc., South Pacific Shipping Co. Ltd.,
Carlos Aguirre and Edward Hickey


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NYKCool A.B.,

                        Plaintiff,

          -against-                                      DOCKET NO.

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,
INC., FRUIT IMPORTERS AMERICAS,                 12 CIV 5754 (LAK)
INC., PACIFIC GROUP HOLDINGS, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC             
SHIPPING CO. LTD., ALVARO FERNANDO             **ANSWER TO**
NOBOA PONTON, CARLOS AGUIRRE, CARLOS       **<u>VERIFIED COMPLAINT</u>**
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER,
                        Defendants,
       -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,
                    Defendants-in-Interest.
------------------------------------------------------------x

       Defendants, Pacific International Services, Inc. ("Pacific International"), Pan

American Trading Company, Inc. ("Pan American"), Fruit Importers Americas, Inc.

("Fruit Importers"), Pacific Group Holdings, Inc. ("Pacific Group"), Ecuadorian

Line, Inc. ("Ecuadorian Line"), South Pacific Shipping Co. Ltd. ("South Pacific"),

1

Carlos Aguirre ("Aguirre") and Edward Hickey ("Hickey"), as and for their Answer to the Verified Complaint herein, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Verified Complaint.

2. Admit that NYK Cool commenced separate arbitrations against Pacific Fruit Inc. and Kelso Enterprises Ltd., which arbitrations were subsequently consolidated, in connection with carriage of fruit, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Verified Complaint.

3. Deny the allegations of Paragraph 3 of the Verified Complaint.

4. Admit the allegations of Paragraphs 4, 5, 6, 7, 8, 9 and 10 of the Verified Complaint.

5. Admit that certain discovery was conducted by NYK Cool on the related action and applications were made for judgment against parties not before the court, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Verified Complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraphs 12 and 13 of the Verified Complaint.

7. Admit that Pacific International is an entity with offices and a principal place of business at 60 Park Place, Newark, New Jersey, but except as so specifically admitted deny the allegations of Paragraph 14 of the Verified Complaint.

2

8. Admit that Pan American is an entity with offices and a principal place of business at 60 Park Place, Newark, New Jersey, but except as so specifically admitted deny the allegations of Paragraph 15 of the Verified Complaint.

9. Admit that Fruit Importers is a Delaware corporation with a principal place of business at 60 Park Place, Newark, New Jersey, but except as so specifically admitted, deny the allegations of Paragraph 16 of the Verified Complaint.

10. Admit that Pacific Group is a Delaware corporation with a principal place of business at 60 Park Place, Newark, New Jersey, but except as so specifically admitted, deny the allegations of Paragraph 17 of the Verified Complaint.

11. Admit that Ecuadorian Line is a Delaware corporation with a place of business at 60 Park Place, Newark, New Jersey, but except as so specifically admitted deny the allegations of Paragraph 18 of the Verified Complaint.

12. Admit that employees of Ecuadorian Line, among others, testified at the arbitration, but except as so specifically admitted, deny the allegations of Paragraph 19 of the Verified Complaint.

13. Admit that South Pacific is an entity and operates ships, but except as so specifically admitted deny the allegations of Paragraph 20 of Verified Complaint.

14. Admit the allegation of Paragraph 21 of the Verified Complaint.

15. Deny knowledge or information as to whether defendant Noboa has an office and/or residence at 60 Park Place, 14th Floor, Newark, New Jersey and deny that the responding defendants are sham or alter-ego corporations, but except as so specifically denied, deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Verified Complaint.

3

16. Deny knowledge or information sufficient to form a belief as to the allegation of Paragraph 23 of the Verified Complaint.

17. Admit the allegations of Paragraph 24 and 26 of the Verified Complaint.

18. Deny the allegations of Paragraph 25 and 27 of the Verified Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Verified Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the Verified Complaint.

21. Admit that Pacific Group holds all the stock of the other defendant companies, but except as so specifically admitted deny the allegations of Paragraph 30 of the Verified Complaint.

22. Deny the allegations of Paragraph 31, 32, 33, 34 and 35 of the Verified Complaint.

23. Admit that the answering defendant corporations share the same officers as judgment debtor Pacific Fruit, but except as so admitted, deny the allegations of Paragraph 36 of the Verified Complaint.

24. Admit that answering defendant corporations share the same Board of Directors save for Fruit Importers, which has a one person board comprised of Aguirre, but except as so specifically admitted, deny the allegations of Paragraph 37 of the Verified Complaint.

25. Deny the allegations of Paragraph 38 of the Verified Complaint.

26. Admit that defendant Aguirre testified that he did not know who had custody of the corporate records of the defendant companies, but except as so

specifically admitted, deny the allegations of Paragraph 39 of the Verified Complaint.

27. Admit that defendant Hickey testified that Pacific Fruit transferred the sum of approximately $2,000,000 to Pan American and the sum of approximately $600,000 to Pacific International, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Verified Complaint.

28. Admit that defendant Aguirre testified that he did not have any present recollection of being advised of the transfer of funds to Pan American which has not repaid the advance to Pacific Fruit, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Verified Complaint.

29. Admit that Hickey testified that transfer of approximately $600,000 was made by Pacific Fruit to Pacific International in or about April, 2010, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations of Paragraphs 42 of the Verified Complaint.

30. Admit that Pacific Group is the owner of the stock of the defendant U.S. companies and that Pacific Group stock is owned by a foreign company, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Verified Complaint.

31. Admit that Pacific International Shipping pays rent to the landlord at 60 Park Place, Newark, New Jersey, but except as so specifically admitted deny

knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Verified Complaint.

32. Admit that since about April 1, 2011, Fruit Importers conducts certain business formerly conducted by Pacific Fruit but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Verified Complaint.

33. Admit that the cessation of business of Pacific Fruit and commencement of the business of Fruit Importers Inc. occurred approximately at the end of March, 2011, but except as so specifically admitted deny the allegations of Paragraph 46 of the Verified Complaint.

34. Admit the allegations of Paragraph 47, 48, 49 and 50 of the Verified Complaint.

35. Admit the allegations of Paragraph 51 of the Verified Complaint.

36. Admit that Aguirre does not know the position or title of defendant Kissinger and that Kissinger on occasion uses an office at 60 Park Place, Newark, New Jersey, but except as so specifically admitted deny the allegations of Paragraph 52 of the Verified Complaint.

37. Deny the allegations of Paragraph 53 of the Verified Complaint.

38. Deny the allegations of Paragraph 54 of the Verified Complaint.

39. Admit that many details of transactions among the defendant companies were testified under oath, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the Verified Complaint.

40. Admit that Pan American paid Pacific Fruit's debt for which it was reimbursed, but except as so specifically admitted deny the allegations of Paragraph 56 of the Verified Complaint.

41. Admit that the comptroller testified that the business of Pacific Fruit was profitable, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to any other allegations of Paragraph 57 of the Verified Complaint and is unable to otherwise respond to citations of testimony contained in said paragraph.

42. Admit that Pan American was dormant and without employees, but without further clarification of the alleged "times in question", is unable to form a belief as to the allegations of Paragraph 58 of the Verified Complaint.

43. Defendants are unable to admit or deny the statements set forth in Paragraph 59 of the Verified Complaint without clarification of the meaning of "virtually identical scenario" set forth in the paragraph. Accordingly, defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 59 of the Verified Complaint.

44. Admit that multiple transfer of funds were made by Pacific Fruit to Pacific International and Pan American for purposes of payments of various Pacific Fruit obligations to vendors and others, but except as so specifically admitted deny the allegations of Paragraph 60, 61, and 62 of the Verified Complaint.

45. Deny the allegations of Paragraph 63 of the Verified Complaint.

46. Admit that transfer of funds were made from Pacific Fruit to Ecuadorian Line, Pacific International and Pan American for the purposes of satisfying trade

debts of Pacific Fruit, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to any allegations of Paragraphs 64, 65, 66 and 67 of the Verified Complaint.

47. Admit that Ecuadorian Line acts as agent for a carrier which carries, among other cargoes, bananas, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations of Paragraphs 68 of the Verified Complaint.

48. Admit that Aguirre testified that South Pacific had on occasion done business under the name of Ecuadorian Line, but except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 69 of the Verified Complaint.

49. Agree that Kelso was found to be in contempt of court in the related matter, but defendants are unable to respond to the allegation that Kelso is a "sham" corporation as defendants do not understand that designation and accordingly deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 70 of the Verified Complaint.

50. Deny the allegation of Paragraphs 71, 72, 73 and 74 of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

51. In response to Paragraph 75 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or information herein above made with the same force and effect as if herein set forth at length.

52. Deny the allegations of Paragraphs 76 and 77 of the Verified Complaint.

## AS AND FOR AN ANSWER TO
## THE SECOND CAUSE OF ACTION

53. In response to Paragraph 78 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove made with the same force and effect as if herein set forth at length.

54. Paragraph 79 of the Verified Complaint does not contain an allegation and defendants thereby do not respond thereto.

55. Deny the allegations of Paragraphs 80 and 81 of the Verified Complaint.

## AS AND FOR AN ANSWER TO
## THE THIRD CAUSE OF ACTION

56. In response to Paragraph 82 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove made with the same force and effect as if herein set forth at length.

57. Paragraph 83 of the Verified Complaint does not contain an allegation and no response is therefore made thereto.

58. Deny the allegations of Paragraphs 84 and 86 of the Verified Complaint.

59. Admit the allegations of Paragraph 85 of the Verified Complaint.

## AS AND FOR AN ANSWER TO
## THE FOURTH CAUSE OF ACTION

60. In Response to Paragraph 87 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or

information hereinabove made with the same force and effect as if herein set forth at length.

61. Deny the allegations of Paragraphs 88, 89, 90, 91, 92, 93, 94 and 95 of the Verified Complaint.

### AS AND FOR AN ANSWER TO
### THE FIFTH CAUSE OF ACTION

62. In response to Paragraph 96 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove made with the same force and effect as if herein set forth at length.

63. Deny the allegations of Paragraphs 98 and 99 of the Verified Complaint.

### ANSWERING THE REQUEST FOR
### AN ORDER OF ATTACHMENT

64. In response to Paragraph 100 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove made with the same force and effect as if herein set forth at length.

65. Deny the allegations of Paragraphs 102, 103, 104, 105 and 106 of the Verified Complaint.

### ANSWERING THE SPECIAL PROCEEDING
### FOR A TURNOVER ORDER

66. In response to the allegations of Paragraph 107 of the Verified Complaint, defendants repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove made with the same force and effect as if herein set forth at length.

67. Deny the allegations of Paragraph 109 of the Verified Complaint.

## AS AND FOR A FIRST<br>AFFIRMATIVE DEFENSE

68. The Verified Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND<br>AFFIRMATIVE DEFENSE

69. The Fourth (RICO) Cause of Action should be dismissed because the damages claimed are unproveable and speculative and the action is premature.

## AS AND FOR A THIRD<br>AFFIRMATIVE DEFENSE

70. The Fourth (RICO) Cause of Action fails to plead allegations of fraud with requisite particularity.

## AS AND FOR A FOURTH<br>AFFIRMATIVE DEFENSE

71. The acts alleged in the Fourth (RICO) Cause of Action are not of sufficient continuity to sustain a RICO claim.

## AS AND FOR A FIFTH<br>AFFIRMATIVE DEFENSE

72. The Fourth (RICO) Cause of Action fails to allege a close-ended pattern of racketeering activity extending over a substantial period of time.

## AS AND FOR A SIXTH<br>AFFIRMATIVE DEFENSE

73. The Fourth (RICO) Cause of Action fails to allege an open-ended pattern of racketeering activity proving a threat of continuing racketeering conduct.

## AS AND FOR A SEVENTH<br>AFFIRMATIVE DEFENSE

74. The Fourth (RICO) Cause of Action fails to allege that Defendant Aguirre personally committed or aided and abetted the commission of any predicate acts.

## AS AND FOR A EIGHTH
## AFFIRMATIVE DEFENSE

75. No money damages are available under the Fifth Cause of Action asserting a claim under Section 570 of the New York Business Corporation Law.

WHEREFORE, Defendants, Pacific International Services, Pan American Trading Company, Inc., Fruit Importers Americas, Inc., Pacific Group Holdings, Inc., Ecuadorian Line, Inc., South Pacific Shipping Co. Ltd., Carlos Aguirre and Edward Hickey demand judgment dismissing the Verified Complaint and for such other and further relief as may appear just.

Dated: New York, NY
October 26, 2012

                                     HILL RIVKINS LLP

                                     By: _____
                                           Michael D. Wilson

                                   45 Broadway, Suite 1500
                                   New York, New York 10006
                                   (212) 669-0600

                                   Attorneys for Defendants,
                                   Pacific International Services,
                                   Pan American Trading Company, Inc.,
                                   Fruit Importers Americas,
                                   Inc., Pacific Group Holdings, Inc.,
                                   Ecuadorian Line, Inc., South Pacific
                                   Shipping Co. Ltd., Carlos Aguirre and
                                   Edward Hickey

## VERIFICATION

STATE OF NEW JERSEY )
                               ) SS:
COUNTY OF ESSEX     )

Carlos Aguirre, hereby declares under penalty of perjury as follows:

1. I am a defendant in this action and also the President of Defendants Pacific International Services, Pan AmericanTrading Company, Inc., Fruit Importers Americas, Inc., Pacific Group Holdings, Inc. and Ecuadorian Line, Inc.

2. I have read the foregoing Answer to Verified Complaint and the contents thereof are true to the best of my knowledge, information and belief, based on my personal knowledge as well as review of relevant files and documents all of which I believe to be true.

Dated: October 26, 2012

                                                                        _____
                                                                         Carlos Aguirre

## VERIFICATION

STATE OF NEW JERSEY  )
                     ) SS:
COUNTY OF ESSEX      )

Edward Hickey, hereby declares under penalty of perjury as follows:

1. I am a defendant in this action and have read the foregoing Answer to Verified Complaint and the contents thereof are true to the best of my knowledge, information and belief, based on my personal knowledge as well as review of relevant files and documents all of which I believe to be true.

Dated: October 26, 2012

_____
Edward Hickey

037Answer