UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NYKCool A.B.,

        Plaintiff,

   -against-

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDING, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO
NOBOA PONTON, CARLOS AGUIRRE, CARLOS
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER

        Defendants.

   -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

        Defendants-in-Interest.
------------------------------------X

12 Civ. 5754 (LAK)

ORDER FOR ISSUANCE
OF ATTACHMENT AND
GARNISHMENT

UPON the prior pleadings and proceedings in this action, and upon all the papers submitted in support of seeking an order of attachment, pursuant to Article 62 of New York's Civil Practice Law and Rules, in aid of satisfying the judgment in the amount of $8,787,157, plus interest, sought thereon against defendants ALVARO FERNANDO NOBOA PONTON ("NOBOA"), CARLOS AGUIRRE ("AGUIRRE"), and EDWARD HICKEY ("HICKEY"), and the Court finding that the

conditions for issuance of an order of attachment without notice appear to exist;

IT IS HEREBY ORDERED that, pursuant to CPLR 6201(1) and CPLR 6211, all banana cargoes entering the Port of New York under the "Bonita" brand, as well as all goods, rights, services, obligations, trusts, rights to payment or profits, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, accounts, freights, sub-freights, charter hire, sub-charter hire, or any other tangible or intangible property belonging to, claimed by, being held for or on behalf or otherwise for the benefit of NOBOA, AGUIRRE, HICKEY, and each of them, by any garnishee within this district upon whom this order of attachment is served up to the amount of $8,787,157 shall be attached and seized; and it is further

ORDERED that pursuant to CPLR 6211(b), the United States Marshal or other designated process server shall refrain from taking any tangible or intangible property levied upon into custody, but rather the garnishee served shall hold such property until further order of the Court; and it is further

ORDERED that, pursuant to CPLR 6219, any garnishee served with this order of attachment shall, within five (5) days after service or within a shorter time as this Court may direct, serve upon petitioner, the United States Marshal and/or the designated process server, and Mahoney & Keane, LLP, 40 Worth Street, Tenth Floor, New York, New York 10013 (Fax: 212-385-1605 and E-Mail: ekeane@mahoneykeane.com), a statement specifying all debts of the garnishee to the defendant, when the debts are due, all property in the possession or custody of the garnishee in which the defendant has an interest, and the value of the debts and property specified; and it is further

ORDERED that, pursuant to CPLR 6211(b), plaintiff shall, within ten (10) days after levy of any property, apply for an order confirming this order of attachment; and it is further

ORDERED that, if plaintiff demonstrates that the garnishee statement required by this order and CPLR 6219 has not been served as set forth above, that the Court may grant one extension of time not to exceed ten (10) days for petitioner to move for confirmation, during which time petitioner may seek an order form this Court compelling any garnishee to serve said statement; and it is further

3

ORDERED that, solely for the purposes of notifying defendants of plaintiff's motion for confirmation of this order of attachment, service via registered mail or Federal Express overnight service upon Hill Rivkins LLP, 45 Broadway, Suite 1500, New York, NY 10006 shall be deemed good and sufficient; and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to this order shall, upon application to the Court, be entitled to a prompt hearing at which plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that supplemental process enforcing this Court's order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED that following initial service upon any garnishee by the United States Marshal or any other person designated or authorized by this Order to make service in this action, subsequent or supplemental service of this Order may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served; and it is further

ORDERED that, pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, attachment documents may be served by any person, who is not less than 18 years old, and who is not a party to this action

Dated: New York, New York
August 1, 2013

SO ORDERED

_____
U.S.D.J.

Part I