UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NYKCool A.B.,

                Plaintiff,

      -against-                                  DOCKET NO.

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,    12 CIV 5754 (LAK) (AJP)
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDINGS, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO
NOBOA PONTON, CARLOS AGUIRRE, CARLOS
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER,

                Defendants,
    -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

                Defendants-in-Interest.
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO SHOW CAUSE APPLICATION AND IN SUPPORT OF CROSS-MOTION <u>TO VACATE ATTACHMENT</u>

                                    HILL RIVKINS LLP
                                    45 Broadway, Suite 1500
                                    New York, New York 10006
                                    (212) 669-0600
                                    Attorneys for Defendants
                                    Pacific International Services, Pan American
                                    Trading Company, Inc., Fruit Importers Americas,
                                    Inc., Pacific Group Holdings, Inc., Ecuadorian
                                    Line, Inc., South Pacific Shipping Co. Ltd.,
                                    Carlos Aguirre and Edward Hickey

Michael D. Wilson
Of Counsel

Defendant-judgment debtors, Pacific International Services, Inc., Pan American Trading Company, Inc., Fruit Importers Americas, Inc., Pacific Group Holdings, Inc., Ecuadorian Line, Inc. and defendants Carlos Aguirre and Edward Hickey submit this memorandum in opposition to plaintiff's Show Cause application for relief. Defendants, Carlos Aguirre and Edward Hickey further submit this memorandum in support of their cross-motion to vacate the Order of Attachment issued herein.

Plaintiff seeks, by show cause application, an order for the following relief:

1. to enjoin all defendants from dissipation, alienation, and/or secreting of judgment debtor's assets and/or rights to use of the "Bonita" brand of bananas,

2. to set aside fraudulent transfer of the Bonita business, and

3. to appoint a receiver to administer the judgment debtors business and the use of the "Bonita" brand business.

## POINT I

## INJUNCTION IS UNAVAILABLE

The provisional remedy of a preliminary injunction in New York civil actions is governed by CPLR 6301, which provides in pertinent part:

> "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights <u>respecting the subject of the action</u>, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff." (emphasis supplied).

2

Where plaintiff seeks only money damages and has no specific claim to a particular asset of defendant, i.e. "subject of the action," injunctive relief is unavailable under CPLR 6301. Credit Agricole Indosuez v. Rosslyskiy Kredit Bank, 94 NY 2d 541 (2000). "An injunction may no longer be issued on the grounds that the defendant merely threatens to dispose of his property not the subject matter of the action, to render himself judgment proof. (CPA §878(2)). Because an injunction should never issue where there are other adequate remedies and CPLR 6201 (3) authorizes an order of attachment in this situation, no hardship will be worked by its omission from the injunction statutes. A preliminary injunction is still unavailable in an action for a sum of money only." (McLaughlin, J. Practice Commentaries, 7B McKinney's C6301:1 at p. 209).

> "In a money action, P often fears that D will secrete property during the action's pendency and thus make a money judgment uncollectable. P's remedy there, if P can establish such conduct by D convincingly, is an order of attachment under CPLR 6201 [3], not an injunction under Article 63."
> Siegel, NY Prac. §327, at 498 [3 ed].

## POINT II

### THE "BONITA BUSINESS" WAS NOT TRANSFERRED BY ANY DEFENDANT

Plaintiff seeks to set aside the allegedly fraudulent transfer of the so-called "Bonita business." As set forth in the accompanying Declaration of Edward Hickey, neither Pacific Fruit Inc. nor Fruit Importers Americas Inc. are the owners of the "Bonita" trademark. Pacific Fruit Inc., was the purchaser, importer and distributor of Bonita brand bananas in the United States until April 2011. Following April 2011,

3

Fruit Importers Americas Inc. was the purchaser, importer and distributor and was supplied by Truisfruit, the Ecuadorian seller, from mid-2012.

Neither Pacific Fruit nor Fruit Importers Americas owned the Bonita brand nor did they have exclusive rights to use the brand in the United States. Deposition of Carlos Aguirre, January 22, 2013, pp. 23-26, Ex. A in Wilson Declaration. The Bonita brand was not an asset of either company. Deposition of Aguirre January 22, 2013, p. 25.

In July 2013, Fruit Importers Americas Inc. was advised that Truisfruit would no longer sell bananas to it and had instead found a new purchaser.

None of the parties before this court transferred any business. Instead, the Bonita "business" was withdrawn from Fruit Importers. If it can be said that the decision to cease selling bananas to Fruit Importers and sell them instead to Redi Fresh constituted a "transfer of business," this was not done by any defendant here.

## POINT III

### NO BASIS EXISTS FOR APPPOINTMENT OF A RECEIVER TO ADMINISTER JUDGMENT DEBTORS' BUSINESS

CPLR 5228 (a) provides that the court may appoint a receiver "to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest." The order appointing the receiver "shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed."

CPLR 5228 "gives the court discretion to appoint a receiver only under certain circumstances. It does not call for the appointment of a receiver to go on a "fishing

4

expedition." Benlian v. Vastabedian, 91 Misc. 2d 968, 398 NYS 2d 984 (Qns Cty, 1977).

As set forth in the accompanying Declaration of Edward Hickey and the deposition testimony of Carlos Aguirre, neither Pacific Fruit nor Fruit Importers are the owners of the Bonita brand or any rights thereto. The only proof offered by plaintiff on this application concerning ownership of the trademarks are two web pages concerning the Bonita Bananas and Bonita Premium Bananas trademarks. Attached as Exhibit B to the accompanying Wilson Declaration are copies of results of search of the U.S. Patent and Trademark Office Electronic Search System for the two trademarks indicating the Bonita Premium Bananas trademark as cancelled as of May 15, 2004 and the Bonita Bananas trademark cancelled as of April 12, 2003.

Plaintiff's application fails to demonstrate that the Bonita brand is the property of any judgment debtor and the application for appointment of a receiver for the "use of the Bonita brand" must be denied.

Plaintiff's application fails to otherwise identify the property sought to be received other than "the judgment debtors' business" and fails to identify the manner in which the duties of the receiver are to be performed and judgment debtors are therefore unable to make a meaningful response and the Court to give due consideration to the request.

### POINT IV

### NO BASIS EXISTS FOR ATTACHMENT OF THE PROPERTY OF DEFENDANTS CARLOS AGUIRRE AND EDWARD HICKEY

In support of its application for issuance of an Order of Attachment of the property of the defendants Aguirre and Hickey, plaintiff alleges that "one or more of the grounds for attachment under CPLR 6201 exist, specifically 6201(3) which permits attachment to prevent frustration of a judgment.

Plaintiff alleges that Fruit Importers' July 18, 2013 assignment of accounts receivable to its supplier in partial payment of its debt constitutes an illegal transfer of assets justifying attachment.

CPLR 6201 (3) permits attachment where defendant "with intent to defraud his creditors or frustrate the enforcement of a judgment …has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts."

The affidavits presented in support of an attachment must show that fraudulent intent really existed in the defendants' mind. Allegations raising a suspicion of intent to defraud are not enough to warrant an attachment. Eaton Factors Co. v. Double Eagle Corp., 17 AD 2d 135. DLJ Mortgage Capital Inc. v. Kontogiannis, 594 F.Supp. 2d 308, 2009 WL 141497 (E.D.N.Y. 2009).

The mere removal or assignment or other disposition of property is not grounds for attachment. Computer Strategies, Inc. v. Commodore Business Machines, Inc., 105 AD 2d 167, 2d Dept., 1984; Laco X-Ray Systems v. Fingerhut, 88 AD 2d 425, app. dism. 58 NY2d 826.

Plaintiff's counsel's affidavit in support of the attachment contains no proof of intent to defraud. While plaintiff may characterize the assignment of the accounts receivables of Fruit Importers as a "transfer of the Bonita business," Exhibits 2

through 4 of the affidavit clearly indicate a mere assignment of the accounts receivable, as attested in the accompanying Hickey Declaration.

Because "[f]raud is not lightly inferred," plaintiff's moving papers must contain evidentiary facts as opposed to conclusions proving the fraud." Encore Credit Corp., 2006 WL 148909, at *3.

## POINT V

### NO ARGUMENT IS ADVANCED BY PLAINTIFF THAT CARLOS AGUIRRE ASSIGNED, DISPOSED OF, ENCUMBERED OR SECRETED ANY PROPERTY

Plaintiff asserts that the assignment of Fruit Importers accounts receivable (which it mischaracterizes as a "transfer" of a "business") constitutes a fraudulent conveyance warranting attachment under CPLR 6201 (3). Nowhere, however, does plaintiff even suggest that Carlos Aguirre had any role in the assignment. As set forth in the Declaration of Edward Hickey, Mr. Aguirre has not been an officer or director of Fruit Importers since May, 2013.

No basis exists for the Order of Attachment of the property of Carlos Aguirre and the Order should be vacated as to Mr. Aguirre.

## POINT VI

### ANY ATTACHMENT AGAINST THE PROPERTY OF AGUIRRE AND HICKEY SHOULD BE REDUCED

The Complaint in this action asserts two causes of action against Mr. Aguirre and Mr. Hickey; the Fourth Cause of Action, ¶87 et. seq., asserting RICO fraud claims, and the Fifth Cause of Action, ¶96 et seq., asserting a claim under §720 of the New York Business Corporation Law. By Order of December 4, 2012, Judge

Kaplan granted defendants' motion to dismiss the Fourth (RICO) cause of action in all respects except insofar as it seeks to recover attorney's fees and expenses expended in attempting to recover the underlying judgment. And by Order of June 14, 2013, Judge Kaplan denied plaintiff's motion for summary judgment under N.Y. Business Corp. Law §720 against Messrs. Aguirre and Hickey.

Thus, the only cause of action remaining against Messrs. Aguirre and Hickey is for plaintiff's attorney's fees expended in attempting to recover the judgment. The amount of this claim has not been quantified by plaintiff but certainly does not approach the amount of the $8,787,157 attachment issued herein. If any attachment of the property of the defendants Aguirre and Hickey is justified, such attachment cannot exceed the amount of plaintiff's claims against them.

## CONCLUSION

Plaintiff's Show Cause application should be denied and the Order of Attachment vacated or modified.

Dated: New York, New York
August 8, 2013

                                Respectfully submitted,

                                HILL RIVKINS LLP

                                By: _____
                                   Michael D. Wilson
                                45 Broadway, Suite 1500
                                New York, New York 10006
                                (212) 669-0600
                                Attorneys for Defendants
                                Pacific International Services, Pan American
                                Trading Company, Inc., Fruit Importers Americas,
                                Inc., Pacific Group Holdings, Inc., Ecuadorian
                                Line, Inc., South Pacific Shipping Co. Ltd.,
                                Carlos Aguirre and Edward Hickey

Michael D. Wilson, Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NYKCool A.B.,

                Plaintiff,

      -against-                                                  DOCKET NO.

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,    12 CIV 5754 (LAK) (AJP)
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDINGS, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO    **AFFIDAVIT OF**
NOBOA PONTON, CARLOS AGUIRRE, CARLOS    **SERVICE BY E-MAIL**
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER,

                Defendants,
     -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

                Defendants-in-Interest.
------------------------------------------------------------------x
STATE OF NEW YORK    :
                                 :    SS:
COUNTY OF NEW YORK  :

        The undersigned, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside in Hazlet, New Jersey. That on the 9th day of August, 2013, I served the annexed **MEMORANDUM OF LAW IN OPPOSITION TO SHOW CAUSE APPLICATION AND IN SUPPORT OF CROSS-MOTION TO VACATE ATTACHMENT, DECLARATION OF EDWARD HICKEY, and DECLARATION OF MICHAEL D. WILSON,** by e-mail, addressed to each of the following persons at the last known address set forth after each name:

Edward A. Keane, Esq.
Mahoney & Keane LLP
40 Worth Street, 10th Floor
New York, NY 10013

_____
Donna Somma

Sworn to before me this
8th day of August, 2013

_____
Notary Public

ROBERT BLUM
Notary Public, State Of New York
No.01BL4914091
Qualified In Kings County
Certificate Filed In New York County
Commission Expires December 7, 2013