UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NYKCool A.B.,

                Plaintiff,

    -against-                             INDEX NO.

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,   12 CIV 5754 (LAK)(AJP)
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDINGS, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO
NOBOA PONTON, CARLOS AGUIRRE, CARLOS
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER,

                Defendants,
    -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

                Defendants-in-Interest.
-----------------------------------------------------------------X

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION TO VACATE ATTACHMENT

HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

*Attorneys for Defendants,
Pacific International Services, Pan American
Trading Company, Inc., Fruit Importers Americas,
Inc., Pacific Group Holdings, Inc., Ecuadorian
Line, Inc., South Pacific Shipping Co. Ltd.,
Carlos Aguirre and Edward Hickey*

MICHAEL D. WILSON
CASPAR F. EWIG

    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NYKCool A.B.,

                Plaintiff,

      -against-                                  INDEX NO.

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,    12 CIV 5754 (LAK)(AJP)
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDINGS, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO
NOBOA PONTON, CARLOS AGUIRRE, CARLOS
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER,

                Defendants,

      -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

                Defendants-in-Interest.
------------------------------------------------------------------X

## Preliminary Statement

Defendant – judgment debtors Pacific International Services, Inc., Pan American Trading Company, Inc. Fruit Importers Americas, Inc., Pacific Group Holdings, Inc., Ecuadorian Line, Inc., and defendants Carlos Aguirre and Edward Hickey submit this supplemental memorandum in support of their cross motion to vacate the Order of Attachment issued herein.

## Facts

On August 1, 2013, plaintiff NYKCool AB caused the issuance of an Order of Attachment and Garnishment of, *inter alia*, the property of defendants, Carlos Aguirre and Edward Hickey. Plaintiff's application, made by *ex parte* application to this Court's Part 1 judge,

1

represented that "one or more of the grounds for attachment set forth in CPLR 6201 exist here. Specifically, CPLR 6201 (3) permits attachment to prevent frustration of a judgment."[1] Plaintiff's application implies that the July 18, 2013 assignment by defendant Fruit Importers, Inc., of its accounts receivable to its suppliers in partial payment of its debts constitutes an illegal transfer of assets justifying attachment.

The attachment was wrongful and should be vacated.

## POINT I
### THE ATTACHMENT MUST BE VACATED IN THE ABSENCE OF ANY SHOWING THAT DEFENDANTS AGUIRRE AND HICKEY FRAUDULENTLY TRANSFERED THEIR ASSETS

CPLR 6201 provides, in relevant part as follows:

> An order of attachment may be granted in any action.. where the plaintiff has demanded and would be entitled.... to a money judgment against one or more defendants, when:
>
> 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
> * * * *
> 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts.
> (emphasis supplied)

CPLR 6201 (3) authorizes an attachment of a defendant's property when the defendant, in order to defraud his creditors or frustrate enforcement of a judgment against him has transferred or secreted his property. *Eaton Factors Co. v. Double Eagle Corp.* 17 A.D.2d 135, 232 N.Y.S.2d 901 (1st. Dept.1962). In *Eaton Factors*, the plaintiff, based on an allegation that the individual defendant, who was an officer and sole shareholder of the corporation, had secreted

---

[1] Edward A. Keane Affidavit in Support of Order to Show Cause and Order of Attachment ¶ 8.

2

assets belonging to the corporation, obtained an attachment of the officer's property. The Appellate Division upheld the vacatur of the attachment. *Eaton Factors* 17 AD 2d at 136, 232 N.Y.S. 2d 903:

> The general rule is that, to justify an attachment on this particular ground, "the property removed or secreted must be the property of the defendant" (10 Carmody-Wait, New York Practice, p. 50), and plaintiff's allegations here of a disposal of corporate assets will not sustain the warrant of attachment [against the corporate officer]

Here, plaintiff appears to claim that defendants Aguirre and Hickey transferred property of defendant Fruit Importers. No claim is made that Aguirre or Hickey transferred their property. CPLR 6201 (3) does not authorize a warrant of attachment of one defendant based on the secreting of the assets of a different defendant. Such an attachment of a corporate officer/shareholder's assets would only be proper if the corporate officer/shareholder had actually transferred corporate funds to himself or to his benefit without consideration or with fraudulent intent. *Mishkin v. Kenney & Branisel, Inc.* 609 F. Supp. 1254, 1256 (S.D.N.Y.,1985, Weinfeld, D.J.). See also *In re Allou Distributors Inc.* --- B.R. ---, 2012 WL 6012149, 32-33 (E.D.N.Y.,2012, Strong, B.J.):

> Here, the Trustee does not submit evidence sufficient to show that the Defendants have dissipated or intend to dissipate any of their assets with the intent to frustrate the enforcement of a judgment in this Case. The Trustee does not offer persuasive evidence that establishes that, either before or after the Petition Date, the Individual Defendants diverted funds from the Corporate Defendants or the Debtors to themselves ......
> (emphasis supplied)

No allegation is made here that Aguirre or Hickey transferred any funds to themselves and therefore CPLR 6201 does not authorize this attachment.

## POINT II
### THE ORDER OF ATTACHMENT MUST BE VACATED DUE TO ITS FAILURE TO COMPLY WITH CPLR 6212

New York's CPLR Rule 6212 states in relevant part as follows:

> **(b) Undertaking**. On a motion for an order of attachment, the plaintiff <u>shall</u> give an undertaking, in a total amount fixed by the court, <u>but not less than five hundred dollars</u>, a <u>specified part thereof conditioned that the plaintiff shall pay to the defendant all costs and damages, including reasonable attorney's fees,</u> which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property, and the balance conditioned that the plaintiff shall pay to the sheriff all of his allowable fees. ................
> (emphasis supplied)

The statute is quite plain that the filing of a bond is a prerequisite to the granting of an order of attachment; and the failure to provide for a bond cannot be interpreted as a decision to set the bond at $0.00 because the statute requires a miniumu of $500.00. See *Kornblum v. Kornblum* 34 A.D.3d 748, 748, 828 N.Y.S.2d 404, 405 - 406 (2d. ,2006):

> "Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution" (*Michaels Elec. Supply Corp. v. Trott Electric*, 231 A.D.2d 695, 647 N.Y.S.2d 839). Because attachment is a harsh remedy, courts have strictly construed the statute in favor of those against whom it may be employed ( see *Michaels Elec. Supply*, supra; *P.T. Wanderer Assoc. v. Talcott Communications Corp.*, 111 A.D.2d 55, 489 N.Y.S.2d 179). The failure to timely comply with the undertaking filing requirement in an order of attachment is a jurisdictional defect rendering the attachment, and any judgment entered thereon, void ( see *McCann v. Schnitzler*, 254 N.Y. 107, 172 N.E. 143; *Tiffany v. Lord*, 65 N.Y. 310; *Van Loon v. Lyons*, 61 N.Y. 22).

That a provissional remedy for attachment must be vacated if it fails to provide for a bond to secure the damages in the event of a wrongful attachment has been held applicable in the federal courts since *Heydemann v. Westinghouse Electric & Manufacturing Co.* 28 F.Supp. 1005, 1007 (S.D.N.Y. 1939, Leibel, D.J.):

4

. Although the case of *Millbank v. Broadway Bank*, 3 Abb.Prac.,N.S., 223, seems to indicate that the failure to file a proper bond is a mere error or irregularity, the later cases of *Van Loon v. Lyons*, 61 N.Y. 22, and *Tiffany v. Lord*, 65 N.Y. 310, hold that it is a jurisdictional defect rendering the attachment, and any judgment entered thereon, void. The case of *McCann v. Schnitzler*, 254 N.Y. 107, 172 N.E. 143, also held that the failure to give the security required upon the procurement of a warrant of attachment results in the loss of the attachment.

See also *Surizon v. Cohen* 2011 WL 934536 (Sup. Ct. February 24, 2011).

### POINT III
### WHEN ISSUING AN ATTACHMENT PURSUANT TO NEW YORK'S CPLR 6201 THE FEDERAL COURT MUST COMPLY WITH ALL ITS PROVISIONS

The federal courts courts are authorized to issue preliminary relief allowed by state law by virtue of F.R.Civ.P. 64:

> **(a) Remedies Under State Law--In General.** At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

However, when exercising that right, the federal courts must follow the requirements of the state statute. *Worldwide Carriers Limited v. Aris S. S. Co.* 312 F.Supp. 172, 174 (S.D.N.Y. 1970, van Pelt Bryan, D.J.):

> Under Rule 64, Fed.R.Civ.P., the plaintiff in an action in the United States District Court may avail itself of provisional remedies, including attachment, 'under the circumstances and in the manner provided by the law of the state in which the District Court is held.' In this case, since the plaintiff, under that rule, invoked the New York attachment remedy, N.Y. CPLR 6201-6226, that provisional remedy is available to the plaintiff only under the circumstances and in the manner provided by the law of New York. ....... *Carroll v. Manufacturers Trust Company,* 14 F.R.D. 84 (S.D.N.Y.1952), aff'd 202 F.2d 714 (2d Cir. 1953). ......

5

As noted in *World Carriers,* this obligation is especially true since provisional remedies such as attachments are in derogation of the common law, and thus any statute that grants such a right must be strictly construed, and ambiguous provisions interpreted in favor of the person whose property is sought to be affected by the order granting such relief. Although there some obvious adaptations necessary when the state remedy is applied in federal court (such as the absence of "poundage" due the sheriff upon seizing an asset), the remaining procedures are applied in the federal courts as rigidly as they are applied by the State Courts. Siegel, *New York Practice* (3d ed.) §321.

## CONCLUSION

The Order of Attachment was wrongful and must be vacated.

Yours,

HILL RIVKINS, LLP

By: _____
Michael D. Wilson

*Attorneys for Defendants,*
*Pacific International Services, Pan American*
*Trading Company, Inc., Fruit Importers Americas,*
*Inc., Pacific Group Holdings, Inc., Ecuadorian*
*Line, Inc., South Pacific Shipping Co. Ltd.,*
*Carlos Aguirre and Edward Hickey*