```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
NYKCOOL A.B.,
                                                12 Civ. 5754 (LAK)(AJP)
          Plaintiff,

          -against-

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDING, INC.,
ECUADORIAN LINE, SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO
NOBOA PONTON, CARLOS AGUIRRE, CARLOS
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER,

          Defendants,

          -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

          Defendants-in Interest.

--------------------------------------X
```

## MEMORANDUM OF LAW
## IN SUPPORT OF ORDER TO SHOW CAUSE

Edward A. Keane
Garth S. Wolfson

    Of Counsel

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
40 Worth Street, Tenth Floor
New York, New York 10013
(212) 385-1422

**TABLE OF CONTENTS**

*Page*

STATEMENT OF FACTS..................................................1

ARGUMENT............................................................1

    POINT I.    AMENDMENT OF THE COMPLAINT, A TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, RECEIVERSHIP, AND SET-ASIDE OF THE FRAUDULENT TRANSFER OF THE BONITA BANANA BUSINESS ARE ALL AMPLY WARRANTED IN THIS CASE...............................1

    CONCLUSION......................................................6

## STATEMENT OF FACTS

To avoid needless repetition, for an accurate statement of the pertinent facts established in this matter, the Court is respectfully referred to the accompanying Affidavit, and its Exhibits, of even date, as well as the Court's prior decisions and adopted reports and recommendations in this and the related action, including, inter alia, NYKCool A.B. v. Pacific Fruit Inc., No. 10 Civ. 3867 (LAK)(AJP), 2012 WL 1255019 (S.D.N.Y. Apr. 16, 2012); NYKCool A.B. v. Pacific Int'l Serv's, No. 12 Civ. 5754 (LAK)(AJP), 2012 WL 5462611 (S.D.N.Y. Nov. 9, 2012).

## ARGUMENT

**POINT I.   AMENDMENT OF THE COMPLAINT, A TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, RECEIVORSHIP, AND SET-ASIDE OF THE FRAUDULENT TRANSFER OF THE BONITA BANANA BUSINESS ARE ALL AMPLY WARRANTED IN THIS CASE.**

Rule 15(a) of the Federal Rules states that "a party may amend its pleading only with ... the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also, Witchard v. Montefiore Med. Center, No. 05 Civ. 5957 (JSR)(THK), 2007 U.S. Dist. LEXIS 31694, *5 (S.D.N.Y. Apr. 27, 2007)("Leave to amend a complaint should be granted unless there is 'any apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility of the amendment.'"); Perkins v. Obey, No. 00 Civ. 1691 (LTS)(JCF), 2004 U.S. Dist. LEXIS 1693 (S.D.N.Y. Feb. 10, 2004.

1

And, as a general matter, a "'federal court's interest in orderly, expeditious proceedings,' Hutto v. Finney, 437 U.S. [678, 696, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978)], justifies any reasonable action taken by the court to secure compliance with its orders." Gates v. Collier, 616 F.2d 1268, 1271 (5th Cir. 1980); see also, Berger v. Heckler, 771 F.2d 1556 (2d Cir. 1985).

The Court is plainly empowered under New York law to direct that the presumptively, indeed conclusively, fraudulent transfers be set aside and turned over to the Marshal. See, generally, Fed. R. Civ. P. 69; JSC Foreign Economic Ass'n Technostroyexport v. International Dev. and Trade Serv's, Inc., 295 F. Supp. 2d 366, 379-384 (S.D.N.Y. 2003) (discussing judgment creditors' remedies pursuant to Sections 273-a and 276-a of New York's Debtor and Creditor Law, as well as Section 720 of New York's Business Corporation Law); see also, Miller v. Doniger, 28 A.D.2d 405, 814 N.Y.S.2d 141 (1st Dep't 2006); Solow v. Domestic Stone Erectors, Inc., 269 A.D.2d 199, 703 N.Y.S.2d 94 (1st Dep't 2000).

And, in acting to bring a noncompliant party into compliance with a prior order, the district courts have adopted a variety of approaches, often exercising its injunctive powers and the resulting ability to hold violators in contempt. See, generally, Spain v. Mountanos, 690 F.2d 742, 746 (9th Cir. 1982); Gary W. v. Louisiana, 622 F.2d 804, 806-807 (5th Cir. 1980), cert. denied, 450 U.S. 994, 101 S. Ct. 1695, 68 L. Ed. 2d 193 (1981); Rodriguez v. Swank, 496 F.2d 1110, 1111-12 (7th Cir.), cert. denied, 419

U.S. 885, 95 S. Ct. 151, 42 L. Ed. 2d 125 (1974); Cole v. Hills, 396 F. Supp. 1235, 1238-39 (D.D.C. 1975); Mims v. Duval County School Bd., 350 F. Supp. 553, 554 (M.D. Fla. 1972); see also, McComb v. Jacksonville Paper Co., 336 U.S. 187, 193, 93 L. Ed. 599, 69 S. Ct. 497 (1949); Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56-57 (2d Cir.), cert. denied, 459 U.S. 832, 74 L. Ed. 2d 71, 103 S. Ct. 73 (1982) (a court has broad discretion to fashion an order to coerce compliance with a prior judgment); Fortin v. Comm'r of the Mass. Dep't of Public Welfare, 692 F.2d 790, 797-98 (1st Cir. 1982).

Indeed, on enforcing its orders, a district court may take such steps as are appropriate given the resistance of the noncompliant party. See, Madden v. Grain Elevator, Flour and Feed Mill Workers, Local 418, 334 F.2d 1014, 1020 (7th Cir. 1964), cert. denied, 379 U.S. 967, 85 S. Ct. 661, 13 L. Ed. 2d 560 (1965). Where "a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 15, 28 L. Ed. 2d 554, 91 S. Ct. 1267 (1971). And ensuring compliance with a prior order is an equitable goal which a court is empowered to pursue even absent a finding of contempt. Alexander v. Hill, 707 F.2d 780, 783 (4th Cir. 1983), cert. denied sub nom., Syria v. Alexander, 464 U.S. 874, 104 S. Ct. 206, 78 L. Ed. 2d 183 (1983); sea also, Class v. Norton, 376 F.

Supp. 496, 501 (D. Conn.) ("Continued non compliance cannot and will not be tolerated, and I find it necessary to draw on the ' broad discretionary power' of the trial court to fashion equitable remedies which are 'a special blend of what is necessary, what is fair, and what is workable.'") (quoting Lemon v. Kurtzman, 411 U.S. 192, 200, 36 L. Ed. 2d 151, 93 S. Ct. 1463 (1973) (citations omitted), aff'd in part and rev'd in part on other grounds, 505 F.2d 123 (2d Cir. 1974).

Accordingly, the Court is further empowered to appoint a receiver to administer and collect the debtors' interests to the extent necessary to satisfy the judgment. Fed. R. Civ. P. 64; N.Y. Civ. Prac. L. & R. 5228; see also, generally, Ross v. Thomas, No. 09 Civ. 5631 (SAS), 2011 WL 2207550, **1-2 (S.D.N.Y. Jun. 6, 2011).

And, especially if a showing is made that assets are being alienated in an effort to defraud creditors, the Court, in its vast discretion to see the judgment satisfied, is also readily empowered to issue both pre-judgment and post-judgment injunctions and attachment orders as it may see fit. Fed. R. Civ. P. 64; Fed. R. Civ. P. 65; Fed. R. Civ. P. 69; N.Y. Civ. Prac. L. & R. 5229; N.Y. Civ. Prac. L. & R. 6201; N.Y. Civ. Prac. L. & R. 6212; see also, generally, Loew v. Kolb, No. 03 Civ. 5064 (RCC), 2003 WL 22077454, *2 (S.D.N.Y. Sep. 8, 2003); Sequa Corp. v. Gelmin, No. 91 Civ. 8675 (DAB), 1995 WL 404726, **3-4 (S.D.N.Y. Jul. 7, 1995).

The egregious record evidence of the defendants' fraudulent intent to defraud creditors and undermine the Court's judgments

is, by now certainly, well-known to the Court. See, generally, Keane Affidavit. The Bonita business in the United States, as elsewhere, has always been controlled by Noboa through various corporate shills, of which TRUISFRUIT is just the latest successor. Noboa has not hesitated to exploit the corporate form to avoid the judgments of this and other courts. Indeed, these facts have been practically conceded in prior hearings and testimony.

And the relief sought by the instant order to show cause is no different than that already afforded, and allowed to continue upon preliminary review, against the Noboa alter-ego companies already before the Court as party defendants. The instant application does nothing other than utilize the Federal Rules and the powers vested in this Court for their intended purpose, and upon support rarely capable of being so amply demonstrated. Rather than being a "step behind" Noboa's shenanigans, the temporary restraining order and other requested relief as against TRUISFRUIT, without prior notice, would finally explicitly block further fraudulent transfer of the judgment debtors' commercial assets, i.e. the North American Bonita business, in advance, before the next judgment, no matter which new Noboa alter-ego may arise as the seller of Noboa's Bonita produce to the United States under Noboa's Bonita brand. Indeed, given Noboa's willingness to flout the Court's orders and all applicable law, only when the fundamental business of trading in the branded goods itself is restrained, irrespective of the particular Noboa company purported

to have such rights at any particular time, can there be any hope of finally putting an end to Noboa's shell game.

**CONCLUSION.**

WHEREFORE, NYKCool respectfully urges that the instant motion for leave to file the amended complaint adding TRUISFRUIT as a party defendant, a temporary restraining order, injunction against further alienation of the Bonita banana assets, setting aside of the fraudulent transfer of the Bonita banana distribution rights and receivables, appointment of a receiver of the Bonita banana business be granted, and that the Court grant to plaintiff attorney's fees, costs, disbursements, and such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, New York
         September 30, 2013

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff

                         By:  _____
                              Edward A. Keane
                              40 Worth Street, Tenth Floor
                              New York, New York 10013
                              (212) 385-1422