Docket + filing of 10/4/13 AP

USDC SDNY
DOCUMENT KAPLAN'S.
ELECTRONICALLY FILED
DOC#
DATE FILED: 10-7-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

NYKCool A.B.,

        Plaintiff,

        -against-

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDING, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO
NOBOA PONTON, CARLOS AGUIRRE, CARLOS
AHLSTROM, EDWARD HICKEY, and ROBERT
KISSINGER

        Defendants.

        -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

        Defendants-in-Interest.
-----------------------------------X

**12 Civ. 5754 (LAK)**

ORDER TO SHOW
CAUSE AND
TEMPORARY
RESTRAINING ORDER
WITHOUT NOTICE
PURSUANT TO FED R.
CIV. P. 65(b)



**WHEREAS**, on July 10, 2013, Judgment in the amount of $8,787,157.00, plus interest and costs, was entered in favor of the plaintiff-creditor, NYKCOOL A.B. ("NYKCool") and against various of the defendant debtors and alleged corporate alter-egos, including, inter alia, FRUIT IMPORTERS AMERICAS, INC. ("Fruit Importers");

**WHEREAS**, Judgment for the same sum was previously entered against other corporate defendants, including, inter alia, PACIFIC FRUIT INC. ("Pacific Fruit");

1

**WHEREAS**, additional claims are pending against the above and other defendants, including, <u>inter alia</u>, ALVARO FERNANDO NOBOA PONTON ("Noboa"), who, in ~~abuse~~ a/kpovly of corporate formality and in violation of law, is alleged to personally exercise complete dominion and control over all of the aforesaid corporate alter-ego defendants and over all aspects of commerce in the "Bonita" brands of bananas;

**WHEREAS**, on August 1, 2013, the said defendants were, upon NYKCool's motion, ordered to show cause why, <u>inter alia</u>, a temporary restraining order should issue to prevent the secreting and dissipation of the defendants' business and use of the "Bonita" brand of bananas;

**WHEREAS**, especially upon a showing that assets are being alienated in an effort to defraud creditors and/or frustrate enforcement of a judgment, the Court is empowered to employ its equitable powers to the extent necessary to see the judgment satisfied.

**WHEREAS**, the Court finds that the exclusive North American rights to market, distribute, invoice and collect payment for all "Bonita" branded bananas [hereinafter the "'Bonita'" business"] has rested with the judgment debtors for more than 40 years, until entry of judgment against defendant Fruit Importers on or about July 10, 2013;

**WHEREAS**, the Court finds that the defendants have engaged and continue to engage in a pattern of fraudulently transferring ~~the said~~ "~~Bonita" business~~ with intent to avoid collection of the judgment, that good cause for the relief sought has been shown, ~~and that the claim~~ is ~~likely to succeed on the merits of establishing the defendants have~~ again ~~undertaken to transfer judgment debtors' "Bonita" business to~~ another ~~Noboa alter-ego company TRUISFRUIT S.A. ("TRUISFRUIT")~~;

**WHEREAS**, the Court finds that~~, due to the foregoing, execution of the judgment is inadequate, and~~ the Court's equitable powers are required to prevent irreparable loss and damage to NYKCool, as well as the improper subversion of the Court's Judgments;

**WHEREAS**, the Court finds NYKCool's remaining causes of action, including, *inter alia*, those for corporate veil-piercing as against Noboa as the party ultimately in control of the defendant corporations and the "Bonita" business, generally, as well as NYKCool's proposed amended pleading adding TRUISFRUIT as a party defendant, are valid ~~and are probable to succeed on the merits~~;

**WHEREAS**, on August 1, 2013, Judge Oetken has already issued a temporary restraining order enjoining the current defendants from further dissipation, alienation, and/or secreting of the judgment debtors' assets and/or rights to use of the "Bonita" brands of bananas;

3

**WHEREAS**, upon application and hearings before Judge Schofield and Magistrate Judge Peck on August 14, 2013 and August 21, 2013, respectively, the Court ruled that the temporary restraining order against the current defendants shall continue pending further hearings and order of the Court;

**WHEREAS**, upon the papers filed in support of and in opposition to the application, and upon the hearings, and upon all the prior proceedings heretofore had in this matter, the Court finds that good cause for the relief sought has been shown;

**NOW, THEREFORE**, upon the Declaration of Edward A. Keane and the Exhibits annexed thereto, and upon all the pleadings and proceedings heretofore had herein;

**IT IS HEREBY ORDERED:**

Let the defendants show cause before the Honorable ~~Lewis A.~~ ~~Kaplan~~, United States ~~District~~ Judge, at 500 Pearl Street, Courtroom ~~21B~~, pursuant to Rules 15, 64, 65, 66, 69, and 70 of Federal Rules of Civil Procedure, on the _____ day of _____ 2013 at 2 o'clock in the ~~after~~noon or as soon thereafter as counsel can be heard why an Order shall not be entered permitting amendment of plaintiff's complaint so as to add TRUISFRUIT as a party defendant and enjoining TRUISFRUIT from further dissipation, alienation, and/or secreting of the defendant judgment debtors' assets and/or rights to sell or otherwise use the "Bonita" brands of bananas, including, _inter alia_, sales or

4

shipments of Bonita bananas to the United States; setting aside the fraudulent transfer of the North American Bonita business; appointing a receiver under Section 5228 of the New York Civil Practice Law and Rules to administer TRUISFRUIT's Bonita commerce and the use of the "Bonita" brands of bananas with respect to North America, and granting to plaintiff such other and different relief as to the Court may seem just and proper.

Let service of a copy of this Order and the accompanying Declaration and Exhibits; if served upon TRUISFRUIT S.A. at El Oro 101 Interseccion Vivero - 5 Junio, Guayaquil, Ecuador (service to be made concurrent with the amended complaint via Fed. R. Civ. P. 4(h)(2) and 4(f)), and if served upon Mess'rs Hill Rivkins LLP, to the attention of Mr. Michael D. Wilson, Esq., 45 Broadway, Suite 1500, N.Y., N.Y. 10006-3793, on or before ___$\mathcal{S}$___ o'clock in the _afternoon_ on ___$10/4/13$___, 2013 (service to be made either by courier, fax, hand or email); be deemed good and sufficient service.

Answering papers, if any, including but not limited to affidavits, affirmations, declarations, exhibits and/or memorandum of law, shall be served so as to be received by counsel for the movant, Mahoney & Keane, LLP by email on or before $10/11/13$ at $5$ P.M. ~~o'clock in the _____ noon on _____ 2013.~~

**AND IT IS FURTHER ORDERED:**

1) That pending the hearing and determination of this motion, plaintiff may proceed to file the amended complaint in the form attached to the said Declaration; and

2) That TRUISFRUIT, its agents, officers, employees, and representatives, and all persons acting in concert and participating with them, shall upon such filing hereby be enjoined from ~~further~~ dissipation, alienation, and/or secreting of the judgment debtors' assets and/or rights to use of the "Bonita" brands of bananas in North America.

3) That TRUISFRUIT and any officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of such this Order by personal service, facsimile service or otherwise, and any persons with knowledge of this Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, attach, conceal, or dispose of in any manner; cause to be transferred, sold assigned, pledged, hypothecated, encumbered, attached, concealed or disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the assets, funds or other property of the "Bonita" business, whether held in any of their names or for any of their direct or indirect beneficial interest wherever; THIS DOES NOT PREVENT TRUISFRUIT FROM SELLING BANANAS—TRUISFRUIT CANNOT, HOWEVER, TRANSFER THE BONITA BUSINESS

4) That TRUISFRUIT, and any officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of such Order by personal service, facsimile service or otherwise, and any person with knowledge of this Order, are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of law enforcement to any and all documents, books, and records that are in the possession, custody or control of the defendants, their officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the amended complaint;

5) That this Order shall be, and is, binding upon ~~the~~ TRUISFRUIT, its partners, agents, servants, employees, attorneys, subsidiaries, affiliates and those persons in active concert or participation with them who receive notice of this Order by personal service, facsimile service, telephone, e-mail or otherwise, and any other persons and entities with knowledge of this Order.

*security in treatment of ?TRO.TRO will be settled by*  10/4/13

Dated:    New York, New York
         September 30 2013 4:30pm

_____
~~Lewis A. Kaplan, U.S.D.J.~~

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

7