Michael D. Wilson
Hill Rivkins LLP
45 Broadway, 15th Floor
New York, New York 10006
Tel. (212) 669-0600

Attorneys for Defendants
Pacific International Services, Inc., Pan American
Trading Company, Inc., Fruit Importers Americas,
Inc., Pacific Group Holdings, Inc., Ecuadorian
Line, Inc., South Pacific Shipping Co. Ltd.
Carlos Aguirre and Edward Hickey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NYKCool A.B.,

                Plaintiff,

        -against-                                      DOCKET NO.

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING COMPANY,    12 CIV 5754 (LAK) (AJP)
INC., FRUIT IMPORTERS AMERICAS,
INC., PACIFIC GROUP HOLDINGS, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., ALVARO FERNANDO    **OBJECTIONS TO REPORT**
NOBOA PONTON, CARLOS AGUIRRE, CARLOS    **AND RECOMMENDATION**
AHLSTROM, EDWARD HICKEY, ROBERT    **OF MAGISTRATE**
KISSINGER, and TRUISFRUIT, S.A    **JUDGE PECK**

                Defendants,
   -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

                Defendants-in-Interest.
-----------------------------------------------------------------x

       Defendants FRUIT IMPORTERS AMERICAS, INC. ("FIA"), EDWARD HICKEY

("Hickey") and CARLOS AGUIRRE ("Aguirre") hereby submit their objections to the

December 20, 2013 Report and Recommendation of Magistrate Judge Andrew J. Peck ("R&R"),

recommending, *inter alia*, that judgment be entered against defendant TRUISFRUIT, S.A.

1

("Truisfruit"), insofar as the R&R makes certain findings of fact affecting the within objecting defendants.  Specifically, defendants FIA, Hickey and Aguirre object to those portions of the R&R wherein it is found that those defendants transferred the business of FIA to Truisfruit and/or allowed Truisfruit to become the successor of FIA in an alleged effort to frustrate the judgment against FIA.

Plaintiff, after engaging in extensive discovery concerning alleged transfers from FIA to Truisfruit, adduced no evidence supporting the bald allegations of transfers contained in its Amended Complaint.  To the contrary, the evidence adduced and uncontradicted shows Truisfruit to have been a _supplier_ of bananas to FIA, an _importer_, since well before the events in question.  If anything, the evidence suggests Truisfruit succeeded to the business of FIA's previous _supplier_ in Ecuador, however no conclusion can be drawn that Truisfruit was succeeded to the _U.S. importation_ business of FIA through a transfer by the objecting defendants, or otherwise.

Truisfruit is a company located in Ecuador engaged in the business of supplying Bananas at the port in Ecuador.  (Transcript of Deposition of Edward Hickey, dated September 16, 2013 ("Hickey Dep.") attached to the January 3, 2013 Declaration of Michael D. Wilson ("Wilson Decl.") as Exhibit A, at 17/10 – 18/4; Transcript of Deposition of Carlos Aguirre, dated September 19, 2013 ("Aguirre Dep.") attached to Wilson Decl. as Exhibit B, at 53/23 – 54/6; Declaration of Edward Hickey dated August 8, 2013, Docket #77 ("Hickey Decl.") attached to Wilson Decl. as Exhibit C at Par. 2).  Truisfruit has been in the business of supplying bananas to FIA and others since 2012.  (Hickey Decl. at Par. 2; Transcript of Deposition of Emil Serafino dated September 18, 2013 ("Serafino Dep.") attached to Wilson Decl. as Exhibit C at Par. 20/17 – 21/8).  Truisfruit sold fresh fruit to FIA and others free-on-board ("FOB") Ecuador since 2012.

(Hickey Dep. at 23/5-11; Serafino Dep. at 20/17 – 21/8, 78/25 – 79/7). FIA is a Delaware corporation, and was in the business of importing and distributing fresh fruit from Ecuador until approximately mid-July, 2013. (Hickey Decl. at Par. 3-4). Its supplier was Truisfruit. (Hickey Decl. at Par. 3-4) In mid-July, 2013, FIA wound down its importation and distribution business, and today, FIA no longer imports fresh fruit. (Hickey Dep. 128/23-25; Hickey Decl. at Par. 3-4) Truisfruit then found other importers and distributers of its bananas, including an existing client EXP, and Redi-Fresh (Hickey Decl. Par. 3; Hickey Dep. at 116/24 – 117/3, 117/16 – 118/8, 119/5-10, 123/8-17; Serafino Dep. at 20/17 – 21/8, 83/1 – 84/16). Neither of those companies are affiliated with or related to FIA. (Hickey Decl. Par. 3; Hickey Dep. 119/17-25; Serafino Dep. 6/15-21).

What is glaringly absent from the record is any allegation as to what business of FIA was transferred to Truisfruit, or to what business of FIA's Truisfruit succeeded. It is clear from the record, and uncontradicted, that Truisfruit was and remains in the business of supplying fresh fruit at the pier in Ecuador, and is not and never was in the business of importation and distribution of fresh fruit in the United States. (Hickey Decl. Par. 6; Serafino Dep. 41/9-11 "Truisfruit is only FOB"). As such, FIA, Hickey and Aguirre simply cannot be found to have transferred any of its business to Truisfruit. While there was testimony that Truisfruit may be a part of the Noboa group of companies, there is no evidence as to how those companies are related to FIA. Further, having a different business (supplier), different location and offices (Ecuador – see Hickey Decl. Ex. A), and different officers (Aguirre Dep. at 35/10-13) from FIA, Truisfruit cannot be said to be a successor corporation to FIA. Truisfruit existed before the wind down of FIA, and still exists, the only difference being that one of its customers, FIA, is no longer a customer.

FIA did not transfer its business to Truisfruit. (Hickey Decl. Par. 6). FIA assigned its receivables to Truisfruit, its largest trade creditor when it was clear FIA wound down its operations. (Hickey Decl. Par. 5; Hickey Dep. at 31/3-11). All the debts owed by FIA to Truisfruit were documented and backed by invoices for the fruit FIA purchased from Truisfruit. (Hickey Decl. Par. 4). When asked whether the assignment of the FIA receivables was made to frustrate plaintiff's efforts to collect on its judgment, the answer was "no." (Hickey Dep. at 141/10-17; Aguirre Dep. 67/16-19).

Based on the foregoing, FIA, Hickey and Aguirre object to the factual findings in the R&R that they engaged in any transfers of the FIA business in an effort to frustrate the collection of plaintiff's judgment.

Dated:  New York, New York
January 3, 2014

Respectfully submitted,

HILL RIVKINS LLP


By:  /S/_____
Michael D. Wilson

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

*Attorneys for Defendants*
*Pacific International Services, Pan American*
*Trading Company, Inc., Fruit Importers Americas,*
*Inc., Pacific Group Holdings, Inc., Ecuadorian*
*Line, Inc., South Pacific Shipping Co. Ltd.,*
*Carlos Aguirre and Edward Hickey*

To: Mahoney & Keane
Attorneys for Plaintiffs

40 Worth Street, 10th Floor
New York, NY 10013
Edward A. Keane