**MANDATE**

N.Y.S.D. Case #
12-cv-5754(LAK)

13-2730-cv
*NYKCool A.B. v. Ecuadorian Line, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 08, 2014

---

NYKCOOL A.B.,

> *Plaintiff-Appellee,*

    v.      No. 13-2730-cv

ECUADORIAN LINE, INC.,

> *Defendant-Appellant,*

PACIFIC INTERNATIONAL SERVICES, INC., PAN AMERICAN TRADING COMPANY, INC., FRUIT IMPORTERS AMERICAS, INC., PACIFIC GROUP HOLDING, INC., SOUTH PACIFIC SHIPPING CO., LTD., ALVARO FERNANDO NOBOA

1

PONTON, CARLOS AGUIRRE, CARLOS AHLSTROM,
EDWARD HICKEY, ROBERT KISSINGER,

      *Defendants.*

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | Garth Wolfson, Mahoney & Keane LLP, New York, NY. |
| **FOR DEFENDANT-APPELLANT** | Michael D. Wilson, Hill Rivkins & Hayden LLP, New York, NY. |

      Appeal from a June 14, 2013 Order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

      Appellant Ecuadorian Line, Inc. ("Ecuadorian Line") appeals a decision of the District Court granting summary judgment to appellee NYKCool A.B. ("NYKCool") pursuant to Federal Rule of Civil Procedure 54(b). The Order was preceded by a March 29, 2013 Report and Recommendation ("R&R") of Magistrate Judge Andrew J. Peck, recommending that summary judgment be granted against all of the corporate defendants in the action, of which Ecuadorian Line was one of six. NYKCool, a judgment creditor, was pursuing the judgment against Ecuadorian Line and the other corporate defendants on alter ego and veil-piercing theories.[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

      On appeal, Ecuadorian Line argues that in granting summary judgment against them, the District Court improperly rendered them "guilt[y] by association," Appellant Br. at 7, because the R&R failed to include an analysis of whether to pierce the corporate veil with regard to Ecuadorian Line independently of the other corporate defendants, and that questions of material fact remained regarding whether it was proper to pierce Ecuadorian Line's corporate veil.

      We review *de novo* an order granting summary judgment, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] In his brief Order of June 14, 2013, Judge Kaplan noted Ecuadorian Line's objections to the R&R, and held that "the evidence was more than sufficient to justify the magistrate judge's recommendations, substantially for the reasons set forth in NYK's response to Ecuadorian's objections." For purposes of this appeal, we will consider Judge Kaplan's Order of June 14, 2013 as adopting the R&R of Magistrate Judge Peck with regard to Ecuadorian Line's liability for the judgment.

Civ. P. 56(a). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York,* 316 F.3d 93, 100 (2d Cir. 2002). We have explained that under New York law, "a court may pierce the corporate veil where 1) the owner exercised complete domination over the corporation with respect to the transaction at issue, and 2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d Cir. 2001) (internal quotation marks omitted). The factors that a court must evaluate to find such domination include:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

*Id.* Similarly, federal courts sitting in admiralty must apply federal common law, and in order to pierce a corporate veil under federal maritime law, one corporation must "have so dominated and disregarded [another's] corporate form" that the dominated corporation was essentially used for the dominating corporation's "personal business rather than its own corporate business." *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir. 1980).

Upon a review of the record, we conclude that the District Court did not err in adopting the R&R of the Magistrate Judge, and correctly concluded that there was no genuine dispute that Ecuadorian Line's corporate veil could be pierced.

## CONCLUSION

We have considered all of Ecuadorian Line's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the June 14, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3