UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 22 2014

RECEIVED
MAY 20 2014
JUDGE KAPLAN'S CHAMBERS

NYKCOOL A.B.,

            Plaintiff,

– against –

PACIFIC INTERNATIONAL SERVICES, INC.,
PAN AMERICAN TRADING COMPANY, INC.,
FRUIT IMPORTERS AMERICAS, INC., PACIFIC
GROUP HOLDING, INC., ECUADORIAN LINE,
INC., SOUTH PACIFIC SHIPPING COMPANY
LTD., ALVARO FERNANDO NOBOA PONTON,
CARLOS AGUIRRE; CARLOS AHLSTROM,
EDWARD HICKEY, ROBERT KISSINGER, and
TRUISFRUIT S.A.,

            Defendants.

12 Civ. 5754 (LAK) (AJP)

## [PROPOSED] JOINT PRETRIAL ORDER

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

### I.   NATURE OF THE CASE

Trial concerns the only captioned corporate defendant, SOUTH PACIFIC SHIPPING CO. LTD. ("SOPAC") against which judgment has not been entered. Additionally, claims are brought against two individual defendants, CARLOS AGUIRRE ("AGUIRRE") and EDWARD HICKEY ("HICKEY").

Plaintiff NYKCOOL A.B.'s ("NYKCOOL") first cause of action contends defendant SOPAC is the alter ego of the other corporate defendants and otherwise liable for wrongful acts of same in directing or participating in such behavior. All other corporate defendants have previously been held to be alter egos of each other.

LEGAL_US_E # 109780456.1

Plaintiff's second cause of action seeks to set aside alleged fraudulent conveyances made or received by SOPAC and to have said funds made available for execution and/or satisfaction of the judgment held by plaintiff against all of the subject corporate defendants, save for SOPAC.

The third cause of action addressed to SOPAC only seeks an award for "reasonable attorney's fees" pursuant to N.Y. Debtor and Creditor Law § 276-a.

The fourth cause of action addressed to all defendants asserted a claim for mail and wire fraud under RICO. Specifically, NYKCool alleged that the defendants acting "as a part of a racketeering enterprise conspired to assist in the fraud upon NYKCool through the use of wire and U.S. mail activities" to aid Pacific and Noboa "in avoiding their lawful debt" to NYKCool. However, the RICO claim has been dismissed, save insofar as it seeks to recover for attorneys' fees and related expenses expended in attempting to collect the underlying judgment. That claim continues against SOPAC, AGUIRRE and HICKEY.

The fifth cause of action alleges that individual defendants AGUIRRE and HICKEY are liable pursuant to N.Y. Business Corporation Law § 720 for breach of "fiduciary direct and derivative duties to NYKCool, as judgment creditor by improperly and/or fraudulently diverting, misappropriating, and wasting corporate assets" while each was an officer and Board of Director of the various defendant corporate entities.

Defendants SOPAC, AGUIRRE and HICKEY deny that they should be liable to NYKCOOL under any of the causes of action asserted against them in this lawsuit. Among other things, SOPAC contends that it has an entirely separate corporate structure from the other corporate defendants and that SOPAC's officers and directors, at all relevant times, had little overlap with those of the other corporate defendants. SOPAC further contends that it has not

made or received any fraudulent conveyances and that any transfers of funds between SOPAC and the other corporate defendants were made to satisfy ordinary course business obligations.

AGUIRRE denies that he had any involvement in the transfers of funds that NYKCOOL alleges were wrongful, and thus he denies that he should have any liability to NYKCOOL.

While HICKEY may have been involved in making certain transfers between corporate defendants, which NYKCOOL allege were wrongful, HICKEY contends that such transfers were not make at his direction, nor did he have knowledge of their purpose.  Accordingly, HICKEY also denies liability.

## II.   JURY/NON-JURY

The parties do not dispute that the case should be tried by a jury.  Plaintiff estimates that trial will take three days.  Defendants estimate that it will take five days.

## III.   STIPULATED FACTS

The parties stipulate to the following facts:

1. Plaintiff NYKCool A.B. ("NYKCool") is part of the NYK Group, a Japanese company otherwise called Nippon Yusen Kabushiki Kaisha.  NYKCool is one of the world's largest operators of specialized reefer or refrigerated vessels with a fleet of more than 30 ships. NYKCool's head office is in Sweden.

2. South Pacific Shipping Co. Ltd. ("South Pacific") is a company organized under the laws of Bermuda with a mailing address of Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda. South Pacific is in the business of operating ships.

3. On April 28, 2010, an arbitration panel issued a Final Arbitral Award in NYKCool's favor against Pacific Fruit, Inc. ("Pacific Fruit") and Kelso Enterprises Ltd in the amount of $8,787.157 (the "Award").  The arbitration concerned contracts for ocean going

freight under which NYKCool agreed to carry shipments of bananas and other freight from Ecuador to California and Japan.

        4.      The Award was confirmed by the United States District Court, Southern District of New York (the "Judgment").

        5.      Kelso Enterprises Ltd. And Pacific Fruit have not paid the Judgment. However, NYKCool has collected $1,831, 120.13 in partial satisfaction of the Judgment.

        6.      Pacific Fruit, Pacific International Services, Inc. ("PISI"), Pan American Trading Company, Inc. ("PAT"), Fruit Importers Americas, Inc. ("FIA"), Pacific Group Holdings, Inc. ("PGH") and Ecuadorian Line ("EL") (collectively the "U.S Companies") are corporate alter egos of each other. They are located in the same offices and share the same principal place of business, 60 Park Place, 14th floor, Newark, New Jersey. At all times relevant, the U.S. Companies shared the same officers: Carlos Aguirre, President; Edward Hickey, Treasurer; and Carlos Ahlstrom, Secretary. The U.S. Companies also shared the same board of directors, Aguirre and Hickey, except one company for which Aguirre was the sole board member. PGH owns Pacific Fruit, PISI, PAT, FIA and EL. In May of 2013, Aguirre resigned as an officer and director of all of the U.S. Companies.

## IV.    EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

    **A.**    **Plaintiff's Exhibits**

        *See* <u>Exhibit A</u>, Plaintiff's Exhibit List with Defendants' Objections

    **B.**    **Defendants' Exhibits**

        *See* <u>Exhibit B</u>, Defendants' Exhibit List with Plaintiff's Objections

## V. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown. The parties have not agreed to any stipulations with respect to exhibits.

*See* Exhibit A and Exhibit B for the parties' Exhibit Lists and Objections to Exhibits.

## VI. PLAINTIFF'S WITNESS LIST

The witnesses listed in Sections VI and VII herein may be called at trial. No witness not identified in such sections shall be permitted to testify on either party's case in chief absent good cause shown.

1. Kevin Horvath live and by transcript of testimony in "The matter of NYKCool Pacific Fruit, Inc. and Kelso Enterprises Ltd." dated March 25-26, 2009 as designated in Plaintiff's exhibit list;

2. Richard Farrell by transcript of testimony in "The matter of NYKCool v. Pacific Fruit, Inc. and Kelso Enterprises Ltd." dated March 27- 28, 2009 as designated in Plaintiff's exhibits list;

3. Manual Arocho live and by deposition testimony as identified in Plaintiff's exhibit list;

4. Michael Stamatis;

5. Edward Hickey live and by deposition testimony as identified in Plaintiff's exhibit list;

6. Carlos Aguirre live and by deposition testimony as identified in Plaintiff's exhibit list;

7. Gina Sanatoria deposition testimony as identified in Plaintiff's exhibit list;

8. Rebuttal Witnesses.

*See* <u>Exhibit C</u>, Plaintiff's Deposition Designations with Defendants' Objections.

### VII.   DEFENDANTS' WITNESS LIST

1. Carlos Aguirre
2. Edward Hickey

In addition, Defendants reserve the right to call in their case in chief any witness on Plaintiff's witness list, regardless of whether that witness is called by Plaintiff.  Defendants further reserve the right to introduce Plaintiff's deposition testimony for any and all purposes permitted under the Federal Rules of Civil Procedure or this Court's local rules.

### VIII.   RELIEF SOUGHT

Plaintiff seeks monetary damages in the amount of $6,956,036.17 together with interest and costs on the first, second and fifth causes of action, attorney fees and costs expended in collecting the underlying judgment in the amount of $567,994.00, under the third cause of action and those fees and costs trebled, in the amount of $1,703,982.00 under the fourth cause of action, minus any award under the third cause of action.  As to the second cause of action Plaintiff seeks to set aside wrongful and fraudulent conveyances and/or satisfaction of the judgment by ordering same with an appropriate daily penalty or fine to be assessed against the Defendants in the instant action until the order is met.

Such other relief as is consistent with the facts and law is prayed for as well.

Defendants deny that NYKCool is entitled to any relief.  Accordingly, Defendants seek judgment in their favor on all claims in the Amended Complaint.

### IX.

Pursuant to the order of the Honorable Victor Marrero, Part I Judge, dated May 16, 2014, the parties will file a draft jury charge and proposed voir dire questions on or before May 30, 2014. In addition, the parties intend to file motions in limine, if any, on or before My 30, 2014.

Dated: May __, 2014

_____
Lewis A. Kaplan, United States District Judge

Dated: May 16, 2014

MAHONEY & KEANE, LLP

By: /s/ Edward A. Keane
　　Edward A. Keane

　　40 Worth Street, 10th Floor
　　New York, NY 10013
　　(212) 385-1422
　　ekeane@mahoneykeane.com

　　*Attorneys for Plaintiff*

Dated: May 16, 2014

PAUL HASTINGS LLP

By: /s/ Daniel B. Goldman
　　Daniel B. Goldman
　　Rachel Snyder

　　75 East 55th Street
　　New York, NY 10022
　　(212) 318-6000
　　dangoldman@paulhastings.com
　　rachelsnyder@paulhastings.com

　　*Attorneys for Defendants South
　　Pacific Shipping Co. Ltd., Carlos
　　Aguirre and Edward Hickey*