UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NYKCool A.B.,

                         Plaintiff,                                 12 Civ. 5754 (LAK)

                - against -

PACIFIC INTERNATIONAL SERVICES, INC.,
PAN AMERICAN TRADING COMPANY, INC.,
FRUIT IMPORTERS AMERICAS, INC.,
PACIFIC GROUP HOLDING, INC.,
ECUADORIAN LINE, INC., SOUTH PACIFIC
SHIPPING CO. LTD., TRUISFRUIT S.A. ALVARO
FERNANDO NOBOA PONTON, CARLOS AGUIRRE,
CARLOS AHLSTROM, EDWARD HICKEY, and
ROBERT KISSINGER

                        Defendants,

                        -and -

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

                        Defendants-in-Interest.
------------------------------------------------------------------------X

## NOTICE OF JOINDER OF GARNISHEE REDI-FRESH TO PLAINTIFF NYKCOOL AB'S OPPOSITION TO TRUISFRUIT'S MOTION TO REOPEN THE DEFAULT JUDGMENTS

      Garnishee Redi Fresh Produce, Inc. ("**Redi Fresh**") respectfully submits this notice of joinder to plaintiff NYKCool A.B.'s ("**NYKCool**" or "**Plaintiff**") opposition to the motion of Truisfruit S.A. ("**Truisfruit**")'s motion to reopen the judgment entered against it and requesting other relief.

      In addition to joining in all of NYKCool's arguments, Redi Fresh takes the opportunity to inform the Court that to the extent there is any doubt concerning (i) Truisfruit's actual knowledge

of this litigation and this attachment action, as well as (ii) Truisfruit's consistent and continuous representation by Truisfruit's New York counsel, Russell Morris Esq., throughout the relevant time period, Redi Fresh intends to submit additional evidence, including but not limited to emails and testimony, of the same.

In particular, Russell Morris and Truisfruit routinely and regularly corresponded with Redi Fresh, monitored and provided both solicited and unsolicited opinions concerning Redi Fresh's filings, and urged that Redi Fresh disobey this Court's attachment order and ultimate holdings on pain of severe legal threats.

Similarly, to the extent that this court has any doubt as to the status of this Court's quasi in rem jurisdiction over Truisfruit and the nature of the wrongfully transferred Truisfruit receivables, Redi Fresh intends to abundant documentation and testimony, because Redi Fresh was directed by the same principals at the Bonita Banana organization, South Pacific Shipping Co., ("**South Pacific**") and Truisfruit, interchangeably, to collect the same. Similarly, all proceeds deposited with the Court were due and owing to Truisfruit.

As previously set forth in its letter dated April 8, 2014, to this Court as well as the Eastern District of New York, South Pacific recently filed the matter *South Pacific Shipping Company Limited, Inc. v. Redi-Fresh Produce Inc.,* 14-cv-1725 (E.D.N.Y.) (JBW) ("**EDNY Litigation**") in a wrongful and blatant case of forum and judge shopping. South Pacific voluntarily dismissed the EDNY Litigation within 24 hours of the April 8, 2014 letter.

Attached to the April 8, 2014 letter, and this notice of joinder, was a proposed answer and counterclaim by Redifresh. By way of summary, South Pacific is now wrongfully and fraudulently claiming that Redi Fresh - which has already deposited all proceeds of the Bonita Bananas in this Court's registry and owes nothing further to anyone -- owes South Pacific in

excess of $800,000 in "freight," for the same Bonita Bananas pursuant to fraudulently issued invoices.

Of course, Redi Fresh never contracted with South Pacific or agreed to pay any freight. Rather, Redi Fresh merely agreed to sell the Bonita Bananas shipped by Truisfruit at prices dictated by Truisfruit in exchange for a commission, and remit all the proceeds, minus expenses and the commission to Truisfruit. It was without question that any responsibility to pay freight by and between the Naboa-related entities fell squarely on Truisfruit, not Redi Fresh. In the wake of the attachment orders issued by this Court, all said proceeds due and owing to Truisfruit were deposited in this Court's registry via Court-ordered stipulation.

Redi Fresh will shortly file a complaint in this action, or a related action as this Court sees fit, seeking declaratory judgment that Redi Fresh does not owe South Pacific the claimed freight for the Bonita Bananas. Redi Fresh will further seek recovery from Truisfruit and South Pacific on the twin bases of (i) the indemnity agreement in place between Redi Fresh and Truisfruit, and the fact that South Pacific is Truisfruit's alter ego; and (ii) South Pacific's bad faith, wanton and vexatious conduct.

New York, New York
May 29, 2014

        HOLLAND & KNIGHT LLP
        By: ___/s/ James H. Power_____
            James H. Power, Esq.
            Warren E. Gluck, Esq.
            HOLLAND & KNIGHT LLP
            31 West 52nd Street
            New York, New York 10019
            Telephone: 212-513-3200
            Telefax: 212-385-9010
            Email: james.power@hklaw.com
                  warren.gluck@hklaw.com
            *Counsel for Garnishee*
            *Redi Fresh Produce, Inc.*

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

James Harold Power
(212) 513-3494
james.power@hklaw.com

April 8, 2014

*Via Hand Delivery*

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Judge Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   RE:   South Pacific Shipping Co. Ltd. v. Redi-Fresh Produce Inc.,
            14-1725 (E.D.N.Y.) and NYKCool A.B. v. Pacific Int'l Serv. et al,
            12-cv-5754 (S.D.N.Y.)

Dear Judges Weinstein, Kaplan and Peck,

We represent Defendant/Counterclaimant Redi-Fresh Produce Inc. ("**Redifresh**") in the recently-filed matter styled *South Pacific Shipping Company Limited, Inc. v. Redi-Fresh Produce Inc.,* 14-cv-1725 (E.D.N.Y.) (JBW) ("**EDNY Litigation**"), as well as in the matter of *NYKCool A.B. v. Pacific Int'l Serv. et al,* 12-cv-5754 (S.D.N.Y.) ("**SDNY Litigation**").

Atlanta | Boston | Chicago | Dallas | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia |
Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

April 8, 2014
Page 2

We write pursuant to Local Rule 13(b)(3) of the United States District Courts for the Southern and Eastern Districts of New York (the "**Local Rules**") to inform both honorable courts of what the undersigned respectfully submits is a blatant case of forum and judge shopping.

As the Southern District of New York - and particularly Magistrate Judge Peck -- is acutely aware, SDNY Litigation involving NYKCool, the "Bonita Banana entities," including but not limited to South Pacific Shipping Company Limited Inc. ("**South Pacific**"), as well as Redifresh, has been ongoing since 2012.

A significant issue that was recently litigated, and continues to be the subject of the SDNY litigation was the nature and substance of Redifresh's agreement with Bonita Banana and South Pacific's alter-ego entity Truisfruit S.A. ("**Truisfruit**").

Redifresh appeared as Garnishee in the SDNY litigation and the precise parameters of the Truisfruit-Redifresh agreement were litigated, investigated, and the subject of multiple depositions. South Pacific's counsel, Michael Wilson, participated in both this litigation and the depositions.

Now, South Pacific has evidently determined that its chances of prevailing on a fabricated and fraudulent claim against Redifresh would be higher if the matter was filed before a court, the Eastern District of New York, that did not have any knowledge of the relevant facts. Of course, this is the height of impermissible forum and judge shopping.

Redifresh submits that it is beyond question that the EDNY Litigation and SDNY Litigation should be considered "related cases" because "(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) [] absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *See* Local Rule 13(a)(1).

Attached to this letter as Exhibit 1 is a true and correct copy of South Pacific's complaint in the EDNY matter. Attached to this letter as Exhibit 2 is a copy of Redifresh's proposed answer and counterclaim.

April 8, 2014
Page 3

If there is agreement that the matters are related and that South Pacific's complaint should have been filed in the SDNY litigation, Redifresh respectfully requests that the matter be so transferred to the SDNY, pursuant to Local Rule Local Rule 13(b)(3) or the Courts' inherent authority pursuant to 28 U.S.C. 1404.

Sincerely yours,

HOLLAND & KNIGHT LLP

James Harold Power

JHP:lb
Enc.
cc:     *Via E-Mail*
        Michael D. Wilson (w/enc.)

#29008991_v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SOUTH PACIFIC SHIPPING COMPANY,
LIMITED, INC.,

      Plaintiff/Counterclaim Defendant

v.

REDI-FRESH PRODUCE INC.

      Defendant/Counterclaimant

Case No. 14-cv-1725 (JBW)

**[PROPOSED] ANSWER AND COUNTERCLAIM**

---

      Defendant/Counterclaimant Redi-Fresh Produce Inc. ("**Redifresh**"), by its attorneys, Holland & Knight LLP, as and for its answer to the knowingly false complaint ("**Complaint**") improperly filed in this Court as part of a wrongful forum and judge-shopping scheme by Plaintiff South Pacific Shipping Co. Ltd. d/b/a Ecuadorian Line ("**South Pacific**" or "**Ecuadorian Line**"), states upon information and belief as follows:

      1.    Admitted.

      2.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of whether South Pacific is a foreign corporation. Defendant denies that Ecuadorian Line Inc. is merely an agent, as opposed to an "alter-ego" of South Pacific. Defendant denies sufficient information to form a belief as to the truth of whether Ecuadorian Line or South Pacific maintain an office or place of business at "60 Park Place, Newark, NJ" but note that the relevant bills of lading and invoices provide that Ecuadorian Line/South Pacific maintain an address in Panama, and Ecuadorian Line/South Pacific's website describe their office address in Florida.

3. Admitted.

4. Denied. Pursuant to an oral agreement between Redifresh and non-party Truisfruit S.A. ("Truisfruit"), Redifresh agreed to receive, take title to, and market Bonita Bananas on behalf of Truisfruit. All proceeds from the sale of the bananas, minus certain expenses and a $120,000 sales commission, were to be paid by Redifresh to Truisfruit under the agreement.

5. Denied.

   a. Redifresh denies having knowledge or information sufficient to form a belief as to the truth of whether freight was earned with respect to the aforesaid shipments.

   b. Pursuant to the agreement between Redifresh and Truisfruit, Truisfruit was responsible for all costs associated with shipping and importing the bananas. Redifresh denies that there was any agreement between Redifresh and South Pacific or Ecuadorian Lines.

   c. The invoices referenced in paragraph "5" were fraudulently prepared and wrongfully sent to Redifresh as part of an unconscionable scheme by Plaintiff South Pacific and its affiliated entities[1] to avoid paying a judgment in the amount of $8,787,157 (plus interest), rendered by the Southern District of New York in the ongoing matter of *NYKCool A.B. v. Pacific Int'l Serv. et al*, 12-cv-5754 (S.D.N.Y.). The purpose of their scheme and the fraudulent invoices was to

---

[1] Ecuadorian Lines, Truisfruit, Fruit Importers Americas Inc., Pacific International Services, Pan American Trading Company Inc., Pacific Group Holding, Inc., Noboa Ponton, Pacific Fruit Inc. and Kelso Enterprises Ltd. ("affiliates"). With the exception of Truisfruit, all of the above-entities are and were represented by South Pacific's Counsel, Mr. Wilson, in the *NYKCool* matter.

2

#28999646_v1

create the illusion that Redifresh was purchasing the bananas outright, including paying for freight, as opposed to selling and marketing the bananas on Truisfruit's behalf in exchange for a commission. Plaintiff NYKCool had engaged in significant and substantial judgment enforcement activities with respect to Plaintiff and its alter-ego affiliates described at n. 1, including but not limited to attachments predicated on piercing the corporate veil. Collectively, South Pacific and the affiliates own and operate the vertically integrated "Bonita Banana" production, exportation, shipping and marketing empire, which is principally operated from Ecuador, New Jersey and Miami.

6. Redifresh denies that South Pacific is entitled to any relief from Redifresh as set forth in the Complaint's "wherefore" clause. Redifresh submits that the facts will demonstrate that the Complaint was maliciously, wrongfully and/or frivolously filed, and/or that Rule 11 sanctions should be assessed against South Pacific and its attorneys for the material omissions and misrepresentations contained in the Complaint, as well as their egregious forum shopping tactics. To the extent that any party owes South Pacific anything, that party is Truisfruit.

## DEFENSES

1. Improper venue/prior action pending. To wit, *NYKCool A.B. v. Pacific Int'l Serv. et al*, 12-cv-5754 (S.D.N.Y.), in which action the precise issue of Redifresh's agreement with Truisfruit was litigated, South Pacific is a defendant, Ecuadorian Lines is a judgment debtor, and Truisfruit is a judgment debtor. Moreover, pursuant to an attachment order issued in that action, Redifresh deposited all of the proceeds of the Bonita Banana sales on behalf of Truisfruit into the Registry of the Southern District of New York, minus certain agreed expenses, including but not limited to expenses incurred pursuant to the agreed indemnity

3

#28999646_v1

between Truisfruit and Redifresh. A true and correct copy of the docket in *NYKCool A.B. v. Pacific Int'l Serv. et al*, 12-cv-5754 (S.D.N.Y.) is attached hereto as Exhibit 1. As Exhibit 1 reflects, and as further detailed in the depositions of Redifresh principal Peter Malo as well as Michael Stamatis, the precise nature of the agreement between Redifresh and Truisfruit, including Truisfruit's responsibility to pay all freight and expenses associated with the transportation and importation of the bananas was and is being litigated in the *NYKCool* action. Additionally, funds due and owing to Truisfruit from sale of the Bananas, which would presumably include any freight obligation of Truisfruit to South Pacific, was deposited in the registry of the SDNY Court. As such, any inconsistent determination concerning the status and owner of those funds here could result in inconsistent and contradictory orders as regards Redifresh.

2. Failure to join necessary party. Truisfruit is a necessary party to this action as it is undisputed that Truisfruit shipped and arranged for the transportation of the bananas associated with South Pacific's wrongful claim against Redifresh for freight.

3. Failure to state a claim upon which relief can be granted. The Complaint references an "agreement," but not specifically with Redifresh. Merely sending an unrequested invoice in connection with services not provided to Redifresh, but to Truisfruit, pursuant to an agreement with Truisfruit, does not entitle South Pacific to any relief from Redifresh.

4. South Pacific's claims are barred by the doctrine of unclean hands. As set forth above, the invoices were prepared, and any alleged agreement was fabricated, in order to further an unconscionable scheme by Plaintiff South Pacific, Truisfruit and the affiliates to avoid paying the judgment in favor of NYKCool.

5. In the alternative, to the extent that South Pacific was due any freight in connection with the sale and importation of the bananas from Truisfruit, proceeds of Redi Fresh's sales of the bananas were deposited in the registry of the Southern District of New York. South Pacific had and has full knowledge of such deposit but failed to act on its rights.

6. Redifresh reserves the right to interpose additional defenses as they become known.

## REDIFRESH'S COUNTERCLAIM AGAINST SOUTH PACIFIC

1. Redifresh is an independent company with no affiliation whatsoever with South Pacific, Truisfruit or any of the named defendants. Redifresh has been in business since 1998, and during that time, has imported bananas, pineapples, plantains and mangoes of numerous brands and origins as well as under the Redifresh label and Belleza brands.

2. Redifresh is always looking for new business opportunities to expand its business. When the opportunity to sell the well-recognized "Bonita Bananas" brand presented itself, Redifresh was interested because at the time, the Bonita Brand was valuable and well regarded in the New York area. Redifresh welcomed the opportunity to serve as one of a small number of independent importers of Bonita Bananas.

3. All purchases of Bonita Bananas by Redifresh from Truisfruit were pursuant to a series of oral agreements whereby Redifresh agreed to buy the Bonita Bananas at the Equador load port and take title to the Bonita Bananas at the Equador load port, as is customary in the business.

4. As consideration for taking title to and selling the Bonita Bananas, it was agreed between Redifresh and Truisfruit that Redifresh was to be paid a fee of $120,000. At the inception of the arrangement, a $20,000 advance on this fee was paid to Redifresh. As set forth

in greater detail below, South Pacific - Truisfruit's alter-ego and the Plaintiff/Counterclaim-defendant in <u>this</u> action -- actually made this $20,000 payment to Redifresh for Truisfruit's debt pursuant to the oral agreements.

5.     Truisfruit further expressly agreed to, and did, indemnify Redifresh as against any litigation or liability commenced against or with respect to Redifresh in connection with the banana importation. The risk of such lawsuits became known in view of the NYK Cool litigation against (initially) South Pacific and its affiliates by NYKCool, which litigation ultimately included Truisfruit, who was found liable to NYKCool as an alter-ego judgment debtor.

6.     One or more attachment orders was served upon Redifresh as garnishee with respect to the bananas and the claims against South Pacific, Truisfruit and its affiliates. Responding to and defending Redifresh's interests with respect to the attachment orders required Redifresh to appear and incur substantial attorneys' fees in the NYKCool litigation in the Southern District of New York, wherein South Pacific was named a defendant.

7.     Pursuant to the indemnity agreement between Truisfruit and Redifresh, Truisfruit was responsible for Redifresh's attorneys fees. As set forth in greater detail below, just like the advance fee of $20,000, it was once again South Pacific - Truisfruit's alter-ego and Plaintiff/Counterclaim-defendant in this action -- that actually sent <u>*both*</u> the initial legal fees retainer of $5000, as well as the subsequent legal fees retainer of $20,000, to Redifresh. Notably, these legal fees retainers were sent by Truisfruit/South Pacific <u>*after*</u> the fraudulent freight invoices at the center of this litigation were issued by South Pacific.

8.     Pursuant to agreement, the remainder of Redifresh's legal fees and other expenses related to marketing the fruit were set-off from the moneys owed to Truisfruit from the

6

marketing and sale of the fruit.

9. The indemnity agreement between Truisfruit and Redifresh remains in effect. As such, Truisfruit is currently liable for Redifresh's legal fees incurred in connection with responding to South Pacific's bad-faith complaint and asserting this counter-claim. These fees are currently estimated to be $15,500. Truisfruit is further liable for all of Redifresh's to-be-incurred fees in connection with this matter, as well as any liability of Redifresh to South Pacific.

10. South Pacific is the alter-ego of Truisfruit, and as such, is liable for Truisfruit's indemnity obligations to Redifresh.

11. South Pacific and Truisfruit share common, beneficial ownership. To wit, both South Pacific and Truisfruit are part of the vertically integrated "Bonita Banana" empire. This empire includes Ecuadorian Lines, Truisfruit, Fruit Importers Americas Inc., Pacific International Services, Pan American Trading Company Inc., Pacific Group Holding, Inc., Alvaro Fernando, Noboa Ponton, Pacific Fruit Inc. and Kelso Enterprises Ltd. ("affiliates"). With the exception of Truisfruit, all of the above-entities are and were represented by South Pacific's Counsel, Mr. Wilson, in the *NYKCool* matter.

12. South Pacific and Truisfruit are dominated and controlled by Noboa Panton, Diogenis Villacis and Maddy Gillardo. In fact, Truisfruit is itself a sham entity created for the express purpose of attempting to avoid the NYKCool judgment.

13. Indeed, prior to Truisfruit, Bonita Bonanas were sold in the United States by Fruit Importers Americas. After a judgment was entered against Fruit Importers by the Southern District of New York, the receivables due to Fruit Importers were fraudulently and unlawfully transferred to Truisfruit.

14. Fruit Importers, Truisfruit and South Pacific share common managers, officers

and directors, operate from the same physical offices, and persons reporting to represent and speak for both such entities utilize email addresses "@bonita.com."

15. Voluminous documentation as to all of the facts was produced in the NYKCool litigation in the Southern District of New York and depositions of Redifresh principals concerning these same facts took place.

16. Truisfruit and South Pacific have misused the corporate form to perpetrate a fraud against NYKCool. Now South Pacific and Truisfruit are misusing their corporate forms to renege on the clear agreement between Truisfruit and Redifresh and fraudulently attempt to collect freight from Redifresh.

17. Redifresh and Truisfruit are not merely alter-egos in the abstract. Their alter-ego behavior is apparent within the <u>specific</u> context of the oral agreement and this freight dispute. In particular, it was South Pacific that paid the initial portion of both Redifresh's commission and Redifresh's attorneys fees pursuant to the oral importation and indemnity agreements between Redifresh and Truisfruit. It is not customary in the maritime business, fruit business or any business for one entity to pay the unrelated debts and obligations of another.

18. Moreover, the fact that South Pacific paid both Redifresh's commission and Redifresh's attorneys fees pursuant to the oral importation and indemnity agreements between Redifresh and Truisfruit demonstrates South Pacific's actual knowledge of the terms of the agreement between Redifresh and Truisfruit, which underscores the bad-faith nature of South Pacific's claim herein.

**WHEREFORE,** Redifresh requests judgment against South Pacific in an amount to be determined at trial, but in the minimum current amount of $15,500, and any other relief that this Court determines to be just and proper.

Dated: April __, 2014

                        HOLLAND & KNIGHT LLP

                        By: _____
                              James H. Power, Esq.
                              Warren E. Gluck, Esq.
                              HOLLAND & KNIGHT LLP
                              31 West 52nd Street
                              New York, New York 10019
                              Telephone: 212-513-3200
                              Telefax: 212-385-9010
                              Email: james.power@hklaw.com
                                            warren.gluck@hklaw.com

                              *Counsel for Redi Fresh Produce, Inc.*

#28999646_v1