UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NYKCOOL A.B.,

                Plaintiff,

    – against –

PACIFIC INTERNATIONAL SERVICES, INC.,
PAN AMERICAN TRADING COMPANY, INC.,
FRUIT IMPORTERS AMERICAS, INC., PACIFIC
GROUP HOLDING, INC., ECUADORIAN LINE,
INC., SOUTH PACIFIC SHIPPING COMPANY
LTD., ALVARO FERNANDO NOBOA PONTON,
CARLOS AGUIRRE; CARLOS AHLSTROM,
EDWARD HICKEY, ROBERT KISSINGER, and
TRUISFRUIT S.A.,

                Defendants.

12 Civ. 5754 (LAK) (AJP)

---

## JOINT PROPOSED REQUESTS TO CHARGE THE JURY
## EXCEPT INSTRUCTION NO. 25

## <u>TABLE OF CONTENTS</u>

**Page**

I.    **PRE-TRIAL JURY INSTRUCTIONS** ........................................................... 1

THE PARTIES' REQUEST TO CHARGE NO. 1: NATURE OF THE CASE .............. 1

THE PARTIES' REQUEST TO CHARGE NO. 2: ORDER OF TRIAL ........................ 4

THE PARTIES' REQUEST TO CHARGE NO. 3: PROVINCE OF THE JUDGE
        AND JURY ................................................................................................. 5

THE PARTIES' REQUEST TO CHARGE NO. 4: JURY CONDUCT ........................ 6

THE PARTIES' REQUEST TO CHARGE NO. 5: EVIDENCE IN THE CASE .......... 8

THE PARTIES' REQUEST TO CHARGE NO. 6: BURDEN OF PROOF ................. 10

THE PARTIES' REQUEST TO CHARGE NO. 7: DIRECT AND
        CIRCUMSTANTIAL EVIDENCE .................................................... 12

THE PARTIES' REQUEST TO CHARGE NO. 8: RULING ON OBJECTIONS ........ 13

THE PARTIES' REQUEST TO CHARGE NO. 9: COMMENTS ON THE
        EVIDENCE ............................................................................................. 14

THE PARTIES' REQUEST TO CHARGE NO. 10: STIPULATIONS AT
        PRETRIAL CONFERENCE ................................................................. 15

THE PARTIES' REQUEST TO CHARGE NO. 11: JUDGE'S QUESTIONS TO
        WITNESSES ............................................................................................ 16

THE PARTIES' REQUEST TO CHARGE NO. 12: QUESTIONS BY JURORS
        PROHIBITED ......................................................................................... 17

THE PARTIES' REQUEST TO CHARGE NO. 13: NOTE TAKING
        PERMITTED ........................................................................................... 18

THE PARTIES' REQUEST TO CHARGE NO. 13 – ALTERNATE: NOTE
        TAKING NOT PERMITTED .................................................................. 19

THE PARTIES' REQUEST TO CHARGE NO. 14: BENCH CONFERENCES .......... 20

THE PARTIES' REQUEST TO CHARGE NO. 15: CAUTIONARY
        INSTRUCTION BEFORE COURT RECESS ..................................... 21

THE PARTIES' REQUEST TO CHARGE NO. 16: QUESTIONS NOT
        EVIDENCE ............................................................................................. 23

II.   **THE PARTIES' GENERAL POST-TRIAL REQUESTS TO CHARGE** .............. 24

THE PARTIES' REQUEST TO CHARGE NO. 17: GENERAL
        INTRODUCTION – PROVINCE OF THE COURT AND JURY .................... 24

THE PARTIES' REQUEST TO CHARGE NO. 18: INSTRUCTIONS APPLY
        TO EACH PARTY .................................................................................. 25

## TABLE OF CONTENTS
(continued)

**Page**

THE PARTIES' REQUEST TO CHARGE NO. 19: DECIDING WHAT TESTIMONY TO BELIEVE ............................................................... 26

THE PARTIES' REQUEST TO CHARGE NO. 20: NUMBER OF WITNESSES ....... 28

THE PARTIES' REQUEST TO CHARGE NO. 21: EFFECT OF INCONSISTENT STATEMENT OR CONDUCT ............................................. 29

THE PARTIES' REQUEST TO CHARGE NO. 22: DEPOSITIONS AS EVIDENCE.......................................................................................... 30

THE PARTIES' REQUEST TO CHARGE NO. 23: ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED / FAILURE TO PRODUCE AVAILABLE EVIDENCE, HOWEVER A NEGATIVE INFERENCE MAY BE DRAWN FROM A FAILURE TO PRODUCE EVIDENCE AS EXPLAINED NOW ................................................................. 31

DEFENDANTS' REQUEST TO CHARGE NO. 24: USE OF NOTES ........................ 32

III.    **THE PARTIES' REQUESTS TO CHARGE ON LIABILITY**................................. 33

DEFENDANTS' REQUEST TO CHARGE NO. 25: REQUEST TO CHARGE ON PIERCING THE CORPORATE VEIL................................................. 33

PLAINTIFF'S REQUEST TO CHARGE NO. 25: REQUEST TO CHARGE ON PIERCING THE COPRORATE VEIL ................................................. 36

THE PARTIES' REQUEST TO CHARGE NO. 26: REQUEST TO CHARGE ON SECTION 273-a: CONVEYANCE BY DEFENDANTS ............................ 40

THE PARTIES' REQUEST TO CHARGE NO. 27: DEFENDANTS' REQUEST TO CHARGE ON SECTION 276-a ....................................................... 42

THE PARTIES' REQUEST TO CHARGE NO. 28: RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT  (RICO) 18 U.S.C. §1962(A), (B), (C) AND (D) – COMMON TERMS DEFINED ............ 44

THE PARTIES' REQUEST TO CHARGE NO. 29: RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO) PREDICATE ACT: 18 U.S.C. § 1341 MAIL FRAUD...................................... 49

THE PARTIES' REQUEST TO CHARGE NO. 30: RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO) PREDICATE ACT: 18 U.S.C. § 1343 WIRE FRAUD...................................... 52

THE PARTIES' REQUEST TO CHARGE NO. 31: RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)  18 U.S.C. §1962(a) ...................................................................................... 54

THE PARTIES' REQUEST TO CHARGE NO. 32: RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)  18 U.S.C. §1962(b) ...................................................................................... 57

# TABLE OF CONTENTS
(continued)

Page

THE PARTIES' REQUEST TO CHARGE NO. 33: RACKETEER-
INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)  18
U.S.C. § 1962(c) ................................................................................. 59

THE PARTIES' REQUEST TO CHARGE NO. 34: RACKETEER-
INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)  18
U.S.C. §1962(d) ................................................................................. 62

THE PARTIES' REQUEST TO CHARGE NO. 35: RACKETEER
INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
CAUSATION & DAMAGES ................................................................ 66

IV.   **THE PARTIES' REQUEST TO CHARGE ON VERDICT** ...................................... 68

THE PARTIES' REQUEST TO CHARGE NO. 36: DUTY TO DELIBERATE .......... 68

THE PARTIES' REQUEST TO CHARGE NO. 37: ELECTION OF
FOREPERSON ..................................................................................... 69

THE PARTIES' REQUEST TO CHARGE NO. 38: VERDICT FORMS –
JURY'S RESPONSIBILITY ................................................................. 70

THE PARTIES' REQUEST TO CHARGE NO. 39: COMMUNICATIONS
BETWEEN COURT AND JURY  DURING JURY'S DELIBERATIONS ....... 71

Plaintiff NYKCool A.B., by its counsel Mahoney & Keane, LLP, and Defendants

South Pacific Shipping Co. Ltd. ("South Pacific"), Carlos Aguirre, and Edward Hickey, by their

counsel Paul Hastings LLP, respectfully submit, pre-trial, the attached Joint Proposed Requests

to Charge the Jury and respectfully reserve the right to add, subtract, or modify same prior to the

jury's commencement of its deliberations.


Dated:  May 30, 2014                              Dated:  May 30, 2014


MAHONEY & KEANE, LLP                      PAUL HASTINGS LLP

By: _____             By: _____
    Edward A. Keane                              Daniel B. Goldman
                                                 Rachel Snyder

40 Worth Street, 10th Floor                  75 East 55th Street
New York, NY 10013                           New York, NY 10022
(212) 385-1422                               (212) 318-6000
ekeane@mahoneykeane.com                      dangoldman@paulhastings.com
                                             rachelsnyder@paulhastings.com

*Attorneys for Plaintiff*
                                             *Attorneys for Defendants South*
                                             *Pacific Shipping Co. Ltd., Carlos*
                                             *Aguirre and Edward Hickey*

## I.   <u>PRE-TRIAL JURY INSTRUCTIONS</u>

<u>THE PARTIES' REQUEST TO CHARGE NO. 1:</u>

<u>NATURE OF THE CASE</u>

Members of the jury, we are set to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have so that you will have a better understanding of what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff.  In this action, the plaintiff is NYKCool.  The plaintiff is represented by attorney Edward Keane of the firm Mahoney and Keane LLP.

The party against whom the suit is brought is called the defendant.  In this action, the defendants are South Pacific Shipping Co. Ltd., Carlos Aguirre, and Edward Hickey.  The defendants are represented by attorneys Daniel Goldman and Rachel Snyder of the firm Paul Hastings LLP.

The plaintiff in this case, NYKCool, is a Japanese owned shipping company, with headquarters in Sweden.  It operates a fleet of specialized refrigerated cargo vessels.

This case grows out of a contract dispute that arose a few years ago between NYKCool and one U.S. company, Pacific Fruit, Inc. and one Bahamian company, Kelso Enterprises Ltd. The dispute involved a contract for the shipment of bananas from Ecuador to California and Japan.  NYKCool won a judgment against Kelso and Pacific Fruit for $8,787,157.00, but Kelso and Pacific Fruit have not paid all of that judgment, although NYKCool has collected $1,831,120.13 from Pacific Fruit in partial satisfaction of the judgment.

NYKCool then brought suit against several other U.S. companies that are closely related

to Kelso and Pacific Fruit on the theory they werenot entitled to be treated as separate companies, rather they are mere "alter egos" of Kelso and Pacific Fruit.  Pacific Fruit, and these other companies all share the same offices and place of business in Newark, New Jersey.  At all relevant times, they also shared the same officers, including Carlos Aguirre and Edward Hickey.  They also shared the same board of directors, Mr. Aguirre and Mr. Hickey, except for one company, for which Aguirre was the sole board member.  They are all owned by the same holding company, Pacific Group Holdings, Inc.  All these U.S. companies have been held by the Court to be alter egos of one another, and of Pacific Fruit, Inc. and Kelso Enterprises, Ltd.  As a result, all are liable for the unpaid balance of the judgment against Pacific Fruit and Kelso.  Specifically, the Court has held that Ecuadorian Line, Pacific International Services, Inc., Pan American Trading Company, Inc., Fruit Importers Americas, Inc., Pacific Group Holding, Inc., which I will refer to as the U.S. Companies, are alter egos of the other and of the judgment debotrs Pacific Fruit, Inc. and Kelso Enterprsies, Ltd.  All are liable to NYKCool for the unsatisfied judgment it holds in relation to this matter.

Now, in this case, NYKCool seeks to also hold South Pacific Shipping Co. Ltd. liable for the unpaid balance of the judgment.  South Pacific is a Bermuda company, in the business of operating ships.

NYKCool has four claims against South Pacific.  The first claim is that South Pacific is also the alter ego of the various U.S. companies and Kelso, and also liable for the judgment.  The second claim seeks to set aside allegedly fraudulent conveyances made or received by South Pacific, and to have the money made available for satisfaction of the judgment.  The third claim seeks an award of attorney's fees related to the allegedly fraudulent conveyances.  The fourth claim is directed against Mr. Aguirre and Mr, Hickey as well as South Pacific, and asserts a

claim for mail and wire fraud under the Racketeer Influenced and Corrupt Organizations Act (RICO).

The defendants, South Pacific, Aguirre and Hickey, deny that they should be liable to NYKCool under any of the claims asserted against them in this lawsuit.  Among other things, South Pacific contends that it has an entirely separate corporate structure from the U.S. companies, and that South Pacific's officers and directors, at all relevant times, had little overlap with those of the U.S. companies.  South Pacific further contends that it has not made or received any fraudulent conveyances and that any transfers of funds between South Pacific and the U.S. companies were made to satisfy ordinary course business obligations.  Mr. Aguirre denies that he had any involvement in the transfers of funds that NYKCOOL alleges were wrongful, and thus he denies that he should have any liability to NYKCOOL.  While Mr. Hickey may have been involved in making certain transfers between corporate defendants, which NYKCOOL alleges were wrongful, Mr. Hickey contends that such transfers were not made at his direction, nor did he have knowledge of their purpose.  Accordingly, Mr. Hickey also denies liability.

THE PARTIES' REQUEST TO CHARGE NO. 2:

ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, Plaintiff will present evidence in support of its claims and defendants' lawyers may cross-examine plaintiff's witnesses.  At the conclusion of Plaintiff's case, defendants may introduce evidence and Plaintiff's lawyers may cross-examine defendants' witnesses.  Defendants are not required to introduce any evidence or to call any witnesses.  If, however, defendants introduce evidence, Plaintiff may present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.[1]

---

[1]  3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 101:02 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 3:

PROVINCE OF THE JUDGE AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts, unless I direct you that a fact has been establihed for purposes of this case, in which event you must accept it as so. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.[2] However, as mentioned, in the event I advise that a fact has been proven you must accept that fact, whether you would have found it independently or not.

---

[2]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.10 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 4:

JURY CONDUCT

To ensure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.  You also should not communicate with your fellow jurors outside of the courtroom or jury room, and that includes contacting fellow jurors on the internet or through social media sites during the case.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.  This includes not doing any internet searches on the parties or anything related to this case.  What is said on the internet may or may not be true, and information you learn outside of the courtroom cannot be allowed to influence your decision in this case in any way.  It is vital to our system of justice that decisions in a case be made based upon the facts that are presented in the courtroom.

7.      Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the clerk to give to me.[3]

---

[3]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.11 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 5:

EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1.        The sworn testimony of the witnesses, no matter which party called them as witnesses.

2.        All exhibits received in evidence, regardless of who may have produced the exhibits.

3.        All facts that may have been stipulated by the parties or judicially noticed and that you must take as true for purposes of this case.

4.        Any facts I tell you have been established must be accepted as true for purposes of this trial.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

Some evidence is admitted for a limited purpose only.  When I instruct you that

an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.[4]

---

[4]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.40 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 6:

BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of each of its claims.  If Plaintiff should fail to establish any essential element of a claims, you should find for defendants as to that claim.  On most matters, plaintiff must establish its claims by a preponderance of the evidence.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Plaintiff's claims that have a different standard of proof are discussed in that context.

When a party has the burden of proving any claim by clear and convincing evidence, it means the party must persuade you to firmly believe that it is highly probable that the facts are as that party contends for each essential element of the claim. In other words, clear and convincing evidence means the evidence produces in your mind a firm belief or conviction as to the matter at issue. Proof by clear and convincing evidence requires a level of proof greater

than a preponderance of the evidence (but less than beyond a reasonable doubt).[5]

---

[5]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 104:01 (6th ed. 2014); N.Y. Pattern Jury Instr.--Civil 1:64 (West 2013).

THE PARTIES' REQUEST TO CHARGE NO. 7:

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence that you may properly consider in finding the truth as to the facts in this case.  One is direct evidence and the other is circumstantial evidence.

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly tends to prove the existence or non-existence of certain facts.  So, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you might conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence in this case. The law makes no distinction between the weight that you should give to either one, and the law does not say that one type of evidence is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.[6]

---

[6]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 160:55 (6th ed. 2014); Pattern Crim. Jury Instr. 6th Cir., Ch. 1.06 (2013 ed.)

THE PARTIES' REQUEST TO CHARGE NO. 8:

RULING ON OBJECTIONS

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.[7]

---

[7]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101:49 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 9:

COMMENTS ON THE EVIDENCE

Because it is your role to determine the facts, I have not formed any opinion about the facts of this case, and you should not be concerned about or speculate over what my opinion would be if I were to form one.  If I have in any way said or done anything that leads you to suspect that I have any opinion about the facts in this case, you are instructed to disregard it. You may not draw any inference from a question to which I sustained an objection.

The law requires that your decision be made solely upon the evidence admitted before you.  Items that I have excluded from your consideration have been excluded because they are not legally appropriate evidence.  Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you any suggestion as to what verdict I think you should find.  You have the sole responsibility for determining what the facts are, except those facts stipulated to by the parties or considered established pursuant to my instructions, and what the verdict shall be in this matter.[8]

---

[8]       3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 102:73 (6th ed. 2014); 3 John Siffert *et al.*, *Modern Federal Jury Instructions: Civil* § 71.01, at 71-7 (Lexis 2014).

THE PARTIES' REQUEST TO CHARGE NO. 10:

STIPULATIONS AT PRETRIAL CONFERENCE

Before the trial of this case, the court held a conference with the lawyers for both parties.  At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[*Read the stipulations.*]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.[9]

---

[9]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.47 (6th ed. 2014).

<u>THE PARTIES' REQUEST TO CHARGE NO. 11:</u>

<u>JUDGE'S QUESTIONS TO WITNESSES</u>

During the trial, I may sometimes ask a witness questions.  Please do not assume from any of my questions that I have any opinion about the subject matter of my questions or about any answers a witness gives.[10]

---

[10]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.30 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 12:

QUESTIONS BY JURORS PROHIBITED

I do not permit jurors to ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will address your concern.[11]

---

[11]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.16 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 13:

NOTE TAKING PERMITTED

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit note taking by jurors, a word of caution is in order. You must not allow your note taking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.[12]

---

[12]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil*, § 101.15 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 13 – ALTERNATE:

NOTE TAKING NOT PERMITTED

I do not believe that it would be useful or helpful for you to take notes during the

trial.  Takings notes may distract you so that you cannot give attention to all the testimony.

Please do not take any notes while you are in the courtroom.[13]

---

[13]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 101.16 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 14:

BENCH CONFERENCES

From time to time it may be necessary for me to talk to the lawyers out of your hearing.  The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence.  The lawyers and I will do what we can to limit the number and length of these conferences.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case, or issue, or of what your verdict should be.[14]

---

[14]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 101.31 (6th ed. 2014); *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.18 (2014).

THE PARTIES' REQUEST TO CHARGE NO. 15:

CAUTIONARY INSTRUCTION BEFORE COURT RECESS

We are about to take our first recess.  I want to remind you of the instructions I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else.  You may not permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial.  If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further.  The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination.  The report may emphasize an unimportant point or may simply be wrong.  You must base your verdict solely and exclusively on the evidence received in court during the trial.

The same holds true for information you may learn through the internet. What is said on the internet may or may not be true, and information you learn outside of the courtroom cannot be allowed to influence your decision in this case in any way.  It is vital to our system of justice that decisions in a case be made based upon the facts that are presented in the courtroom. I am instructing you not to do any internet searches on this case, the parties, or anything related to this case.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.[15]

---

[15]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 102.01 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 16:

QUESTIONS NOT EVIDENCE

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.[16]

---

[16]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 103.34 (6th ed. 2014).

## II.   THE PARTIES' GENERAL POST-TRIAL REQUESTS TO CHARGE

THE PARTIES' REQUEST TO CHARGE NO. 17:

GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[17]

---

[17]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 103.01 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 18:

INSTRUCTIONS APPLY TO EACH PARTY

      Unless I otherwise state, you should consider each instruction given to apply separately and individually to each party in the case.[18]

---

[18]    3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 103.10 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 19:

DECIDING WHAT TESTIMONY TO BELIEVE

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of each witness, by the manner in which each witness testifies, by the character of the testimony given, and/or by evidence to the contrary of the testimony given.

In deciding what the facts are, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

9.      the witness's opportunity and ability to see or hear or know the things testified to;

10.     the witness's memory;

11.     the witness's intelligence;

12.     the witness's manner while testifying;

13.     the witness's interest in the outcome of the case and any bias or prejudice;

14.     whether other evidence contradicted the witness's testimony;

15.     the reasonableness of the witness's testimony in light of all the evidence; and

16.     any other factors that bear on believability.

Consider whether the witness impresses you as having an accurate recollection of the matters as to which the witness testified. Also, consider any relation each witness may have with either side of this case, the manner in which each witness might be affected by the verdict,

and the extent to which the testimony of each witness is either supported or contradicted by other evidence in this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.[19]

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.[20]

---

[19]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 104:54 (6th ed. 2014);

[20]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 105.01 (6th ed. 2014); *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.11 (2014).

THE PARTIES' REQUEST TO CHARGE NO. 20:

NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[21]

---

[21]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 104.54 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 21:

EFFECT OF INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[22]

---

[22]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 105.04 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 22:

DEPOSITIONS AS EVIDENCE

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[23]

---

[23]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 105.02 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 23:

ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED /
FAILURE TO PRODUCE AVAILABLE EVIDENCE, HOWEVER A NEGATIVE
INFERENCE MAY BE DRAWN FROM A FAILURE TO PRODUCE EVIDENCE AS
EXPLAINED NOW

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence of this case.  Thus, you should not draw an adverse inference from a party's decision not to call a witness or produce exhibits.  However, there are exceptions to this rule.

In contrast, if a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.[24]

---

[24]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 104.26, 105.11 (6th ed. 2014).

LEGAL_US_E # 110033061. 6

DEFENDANTS' REQUEST TO CHARGE NO. 24:

USE OF NOTES

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.[25]

[APPLICABLE ONLY IF NOTE TAKING PERMITTED]

---

[25]      3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 103.02 (6th ed. 2014).

III.    **THE PARTIES' REQUESTS TO CHARGE ON LIABILITY**

DEFENDANTS' REQUEST TO CHARGE NO. 25:

REQUEST TO CHARGE ON PIERCING THE CORPORATE VEIL[26]

Plaintiff NYKCool seeks to hold defendant South Pacific liable for the balance due on

plaintiff's unsatisfied judgment against Kelso Enterprises and Pacific Fruit, and the other U.S.

Companies.  It seeks to do this through a procedure known as piercing the corporate veil.  I will

explain to you what piercing the corporate veil means.

Ordinarily a corporation is not liable for the obligations of another corporation.  In most

situations, each corporation is treated as a separate entity and is only responsible for its own

obligations.  This protection is referred to as the "corporate veil."  You must remember that the

law presumes that each corporation is a separate legal entity responsible only for its own debts,

not those of any other corporation, even a related corporation.  However, the protection of the

corporate veil is not absolute.  Under certain circumstances, the veil may be "pierced," and one

corporation may be held responsible for the obligations of another corporation.  This is known as

"piercing the corporate veil."

In this case, NYKCool is asking you, the jury, to "pierce the corporate veil" separating

South Pacific from the U.S. Companies and Kelso and hold South Pacific liable for the U.S.

Companies' and Kelso's debt to NYKCool.

In order to pierce the corporate veil, NYKCool must prove by a preponderance of the

---

[26] Sources: *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58 (2d
Cir. 2001) (elements of piercing the corporate veil); *Kirno Hill Corp. v. Holt*, 618 F.2d 982 (2d
Cir. 1980) (criteria for piercing the corporate veil); *Bagel Bros. Maple, Inc. v. Ohio Farmers,
Inc.*, 279 B.R. 55, 66-67 (W.D.N.Y. 2002) (common trade name); *In re Arbitration between
Holborn Oil Trading Ltd. & Interpetrol Bermuda Ltd*. 774 F. Supp. 840 (S.D.N.Y. 1991) (criteria
for piercing the corporate veil); *A/S Domino Mobler v. Braverman*, 669 F. Supp. 592
(S.D.N.Y.1987) (common trade name); N.Y. Pattern Jury Instructions, Civil, PJI 2:266 (2013).

evidence that the defendant company, South Pacific, used the corporate form to perpetrate a

fraud on NYKCool, or so dominated and disregarded the corporate form of the U.S. Companies,

and Kelso that said Companies primarily transacted South Pacific's business rather than their

own corporate business.

I will now give you a list of ten factors that you may use when determining whether the

In other words, NYKCool seeks to pierce the corporate veil by claiming that the U.S.

Companies and Kelso did not have a separate and distinct corporate existence apart from South

Pacific, but were merely the "alter ego" ("alter ego" means "the other self") of South Pacific.

Please keep in mind that the fact that two corporate entities share a common trade name is not,

by itself, a sufficient basis for disregarding the corporate form and finding alter ego liability.[27]

Thus, the fact that an entity sometimes "does business as" another entity does not itself make

those entities "alter egos."

I will now give you a list of ten factors that you may use when determining whether the

U.S. Companies and Kelso were merely the alter egos of South Pacific such that there was

complete domination of the said Companies by South Pacific.  This is not an exhaustive list, and

no one factor is decisive, but these factors are commonly used to determine whether one

company is so dominated by another that the corporate veil should be pierced:

1. Disregard of corporate formalities (corporate formalities may include such things as
   proper formation, necessary filings with the appropriate jurisdiction, maintenance of
   corporate books and records, adoption of bylaws, and appointing officers and
   directors)

2. Inadequate capitalization (i.e. sufficient funds to meet the costs of day-to-day

---

[27] *Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 66-67 (W.D.N.Y. 2002) (finding a shared trade name between corporate entities insufficient for disregarding the corporate form).

operations)

3.  Intermingling of funds

4.  Overlap in ownership, officers, directors and personnel

5.  Common office space, address and telephone numbers of corporate entities

6.  The degree of discretion shown by the allegedly dominated corporations (i.e. did the
    U.S. Companies act independently of South Pacific, in their own business interests?)

7.  Whether the dealings between the entities were at arm's length

8.  Whether the corporations were treated as independent profit centers

9.  Payment or guarantee of the corporation's debts by the dominating entity

10. Intermingling of property between the entities

If you find that NYKCool has failed to prove by a preponderance of the evidence that

South Pacific used the corporate form to perpetrate a fraud on NYKCool, or failed to prove that

South Pacific so dominated and disregarded the corporate form of the U.S. Companies or Kelso

Enterprises, Ltd., or failed to prove that all or any of them were merely the alter egos of South

Pacific, you must find for South Pacific on plaintiff's claim to pierce the corporate veil.

PLAINTIFF'S REQUEST TO CHARGE NO. 25:

REQUEST TO CHARGE ON PIERCING THE COPRORATE VEIL

Plaintiff NYKCool seeks to hold defendant South Pacific liable for the balance due on

plaintiff's unsatisfied judgment against Kelso Enterprises and Pacific Fruit, and the other U.S.

Companies.  It seeks to do this through a procedure known as piercing the corporate veil.  I will

explain to you what piercing the corporate veil means.

Ordinarily a corporation is not liable for the obligations of another corporation.  In most

situations, each corporation is treated as a separate entity and is only responsible for its own

obligations.  This protection is referred to as the "corporate veil."  You must remember that the

law presumes that each corporation is a separate legal entity responsible only for its own debts,

not those of any other corporation, even a related corporation.  However, the protection of the

corporate veil is not absolute.  Under certain circumstances, the veil may be "pierced," and one

corporation may be held responsible for the obligations of another corporation.  This is known as

"piercing the corporate veil."

In this case, NYKCool is asking you, the jury, to "pierce the corporate veil" separating

South Pacific from the U.S. Companies and Kelso and hold South Pacific liable for the U.S.

Companies' and Kelso's debt to NYKCool.

In order to pierce the corporate veil, NYKCool must prove by a preponderance of the

evidence that the defendant company, South Pacific, used the corporate form to perpetrate a

fraud on NYKCool, or so dominated and disregarded the corporate form of the U.S. Companies,

and Kelso that said Companies  primarily transacted South Pacific's business rather than their

own corporate business.

In other words, NYKCool seeks to pierce the corporate veil by claiming that the U.S. Companies and Kelso did not have a separate and distinct corporate existence apart from South Pacific, but were merely the "alter ego" ("alter ego" means "the other self") of South Pacific. Thus, the fact that an entity sometimes "does business as" another entity does not itself make those entities "alter egos" but it is a factor you can weigh and it alone may be enough to conclude said companies are alter egos.

I will now give you a list of ten factors that you may use when determining whether the U.S. Companies and Kelso were merely the alter egos of South Pacific such that there was complete domination of the said companies by South Pacific. This is not an exhaustive list, and no one factor is decisive, but these factors are commonly used to determine whether one company is so dominated by another that the corporate veil should be pierced:

1. Disregard of corporate formalities (corporate formalities may include such things as proper formation, necessary filings with the appropriate jurisdiction, maintenance of corporate books and records, adoption of bylaws, and appointing officers and directors)

2. Inadequate capitalization (i.e. sufficient funds to meet the costs of day-to-day operations)

3. Intermingling of funds

4. Overlap in ownership, officers, directors and personnel

5. Common office space, address and telephone numbers of corporate entities

6. The degree of discretion shown by the allegedly dominated corporations (i.e. did the U.S. Companies act independently of South Pacific, in their own business interests?)

7. Whether the dealings between the entities were at arm's length

8.   Whether the corporations were treated as independent profit centers

9.   Payment or guarantee of the corporation's debts by the dominating entity

10.  Intermingling of property between the entities

Here NYKCool also alleges that South Pacific does business at its option as

Ecuadorian Line, Inc. If you find that is the case you may find that fact is proof of the

alter ego status of South Pacific.

[Source: "[t]he words 'doing business as' or the abbreviation d/b/a indicate that the
name following is an assumed name."  *Sunskar Ltd. v. CDII Trading, Inc.*, 828 F.
Supp. 2d 604, 619, 2013 A.M.C. 1188 (S.D.N.Y. 2011) (quoting Black's Law
Dictionary (9th ed. 2009)).
Accordingly, two truly discrete corporate entities cannot properly operate under one
another's trade name. "The idea is that there is only one legal person [GBL § 130(1-
a)(a)] whether the name being used is either the name of the legally registered entity
or individual, or the one under which business is being conducted."  *Midland Funding
LLC v. Tagliaferro*, 33 Misc. 3d 937, 941-42, 935 N.Y.S.2d 249 (N.Y. Sup. Ct.
2011) ("Each entity named in the caption is capable of doing business as or under an
assumed name, but cannot do business under each others name.").
And "[t]he law is clear that . . . '[t]he individual who does business as a sole
proprietor under one or several names remains one person, personally liable for all his
obligations.  So also with a corporation which uses more than one name.'"  *In re
Golden Distributors, Ltd.*, 134 B.R. 766 (S.D.N.Y. 1991) (quoting *Duval v.  Midwest
Auto City, Inc.*, 425 F. Supp. 1381 (D. Neb. 1977), *aff'd*, 578 F.2d 721 (8h Cir.
1978)); *see also Gerhard v.Chemical Bank*, 38 Misc. 2d 526 238 N.Y.S.2d 199 (N.Y.
Sup. Ct. 1962) ("[I]f Recine 'Way' Caterers and Recine Way Restaurant, Inc., are one
and the same, the latter doing business under the trade name of the former, then this is
similar to a case where a negotiable instrument is made payable to 'X Company' and
endorsed by 'X'. whose trade name is 'X Company.'")].

If you find that NYKCool has failed to prove by a preponderance of the evidence that South

Pacific used the corporate form to perpetrate a fraud on NYKCool, or failed to prove that South

Pacific so dominated and disregarded the corporate form of the U.S. Companies or Kelso

Enterprises, Ltd., or failed to prove that all or any of them were merely the alter egos of South

Pacific, you must find for South Pacific on plaintiff's claim to pierce the corporate veil.

THE PARTIES' REQUEST TO CHARGE NO. 26:

REQUEST TO CHARGE ON SECTION 273-a: CONVEYANCE BY DEFENDANTS[28]

Section 273-a provides that every conveyance made by a defendant in an action for money damages or who is subject to a judgment for money damages is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if the conveyance is made without fair consideration and the defendant has failed to satisfy the judgment.

To prevail on its claim under Section 273-a, plaintiff must prove the following three elements by a preponderance of the evidence: first, conveyor is a defendant in an action for money damages, or a judgment in such action has been docketed against him; second, conveyance was made without fair consideration; and third, if a judgment exists, defendant has failed to satisfy the judgment.

To prove lack of fair consideration, the plaintiff must prove that the conveyance was not made in exchange for fair value and in good faith.  Fair value does not have to be approximately

---

[28] Sources: *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 188 (2d Cir. 2006) (elements of §273-a); *Neshewat v. Salem*, 365 F. Supp. 2d 508, 519 (S.D.N.Y. 2005), *aff'd*, 194 F. App'x 24 (2d Cir. 2006) (elements of fair consideration); *Chen v. New Trend Apparel, Inc.*, NO. 11 CIV. 324 GBD MHD, 2014 WL 1265916, at *32 (S.D.N.Y. Mar. 27, 2014) ("To show fair equivalent value, neither 'mathematical precision' nor a 'penny-for-penny exchange' is required, rather the assessment of fair equivalent value requires a court to compare the rough values of what was given and what was received in exchange.") (internal quotation marks and citation omitted); N.Y. Debt. & Cred. Law § 272 (McKinney 2014) (Fair consideration is given "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained."); *Sardis v. Frankel*, 113 A.D.3d 135, 143, 978 N.Y.S.2d 135, 142 (1st Dep't 2014) (Good faith "is lacking where there is a failure to deal honestly, fairly, and openly."); *Chen v. New Trend Apparel, Inc.*, 2014 WL 1265916, at *31 ("Good faith may be deemed to be lacking if there is no 'honest belief in the propriety of the activities in question,' or if there is 'knowledge of the fact that the activities in question will hinder, delay, or defraud others.'")

equal value.  Fair value is an assessment of the rough values of what was given and what was received.  When property or an obligation is received to secure a present advance or satisfy a previous debt, fair consideration is found where the amount received is not disproportionately small as compared to the value of the obligation transferred.  Good faith is found where there is honest, fair, and open dealing.  Good faith may be deemed to be lacking if there is no honest belief that the conveyances are proper or if a party knows that the conveyances will hinder, delay, or defraud others.

NYKCool must prove by a preponderance of the evidence that the defendant company, South Pacific, made or received conveyances without fair consideration *while* South Pacific was a defendant in an action for money damages or had a judgment for money damages docketed against South Pacific, or received conveyances made without fair value from another company(s) that was a defendant in an action for money damages or was subject to a judgment for money damages, and that any such judgment has not been satisfied.

THE PARTIES' REQUEST TO CHARGE NO. 27:

DEFENDANTS' REQUEST TO CHARGE ON SECTION 276-a[29]

Section 276-a of New York's Debtor and Creditor Law provides, in relevant part:

> In an action . . . brought by a creditor . . . to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, in which action . . . the creditor . . . shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor . . . in such action . . . and the creditor . . . shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment.

The burden of proving actual intent is on NYKCool. To prevail on its claim under

Section 276-a, NYKCool must prove the following elements by clear and convincing evidence:

first, that the property transferred to South Pacific has value out of which NYKCool could have

realized a portion of its claim; second, the property was transferred by a debtor of NYKCool; and

third, the transfer was made and received with actual intent to defraud.

---

[29] *U.S. Bancorp Equip. Fin., Inc. v. Rubashkin*, 98 A.D.3d 1057, 1060, 950 N.Y.S.2d 767, 770 (2d Dep't 2012) ("The burden of proof to establish actual fraud under Debtor and Creditor Law § 276 is upon the creditor who seeks to have the conveyance set aside and the standard for such proof is clear and convincing evidence."); *In re All Am. Petroleum Corp.*, 259 B.R. 6, 19 (Bankr. E.D.N.Y. 2001) (an award of attorneys' fees under 276-a is not appropriate in the absence of a showing of actual intent on the part of the defendant and discussing circumstances that may give rise to actual intent); *In re Kovler*, 249 B.R. 238, 244 (Bankr. S.D.N.Y. 2000) (actual intent must be based on fact, not mere suspicion); *Carey v. Crescenzi*, 923 F.2d 18, 20 (2d Cir. 1991) ("[A]ttorney's fees may not be awarded against a defendant, who is a grantee of a fraudulent conveyance, without a specific finding that he was aware of and participated in the actual fraud."); *S. Indus., Inc. v. Jeremias*, 66 A.D.2d 178, 184, 411 N.Y.S.2d 945, 950 (2d Dep't 1978) (Where transfer of substantially all of insolvent corporation's assets to director thereof was invalid as constructive fraud and where judgment creditor, which initiated action to set aside conveyance, was not entitled to an award of attorney's fees because judgment creditor failed to prove that transfer was made with actual intent to defraud.)

Unlike Section 273-a, under Section 276-a NYKCool must prove that South Pacific had the actual intent – which concerns South Pacific's state of mind– to hinder, delay, or defraud NYKCool, when South Pacific received or made conveyances to or from the other company(s). Actual intent need not be proved by direct evidence; you may infer actual intent from the circumstances surrounding the transfers. However, actual intent must be based on fact and cannot be based on mere suspicion.

THE PARTIES' REQUEST TO CHARGE NO. 28:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT
(RICO) 18 U.S.C. §1962(A), (B), (C) AND (D) – COMMON TERMS DEFINED[30]

Plaintiff NYKCOOL A.B. has brought claims against defendants South Pacific, Carlos

Aguirre and Edward Hickey, in this civil action for alleged violations of the Racketeer

Influenced and Corrupt Organizations Act, more commonly known as "RICO." Specifically, the

plaintiff claims that each defendant violated Section 1962 (a) (b) (c) or (d) of RICO.

The plaintiff must establish by a preponderance of the evidence every element of a RICO

claim. You should consider each and every element of a RICO cause of action only in the precise

way that I will define them in these instructions. You must avoid confusing any of the elements

of a RICO claim with your prior conceptions of the meaning of the terms that are used to

describe the elements of a RICO claim.

**Definition of "Racketeering"**

Before going any further, let me explain that the word "racketeering" may have a

negative social meaning and may tend to cause prejudice. You should understand that the use of

that term by me or by the lawyers for either side in this case should not be regarded as having

---

[30] *See* Proposed Jury Instructions, *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.,* No.
2:01CV03245, 2004 WL 5475695 (E.D.N.Y. Feb. 19, 2004) (citing American Bar Association,
Sample Civil RICO Jury Instructions §38 and 3.9 (1994); Joint Requests to Charge Jury, *Air
China Ltd. v. Li,* No. 07 Civ. 11128 (LTS) (DFE) (S.D.N.Y. 2010); 4-84 *Modern Federal Jury
Instructions - Civil* P 84.02 (2014); *United States v. Bonanno Organized Crime Family of La
Cosa Nostra,* 879 F.2d 20, 22 (2d Cir. 1989); *U1IT4less, Inc. v. FedEx Corp.,* 896 F. Supp. 2d
275, 288 (S.D.N.Y. 2012); *DeFalco v. Bernas,* 244 F.3d 286, 306 (2d Cir. 2001); *Cedric
Kushner Promotions, Ltd. v. King,* 533 U.S. 158 (2001)), *rev'd on other grounds sub nom. Hemi
Group, LLC v. City of New York,* 559 U.S. 1 (2010); *Cruz v. FX DirectDealer, LLC,* 720 F.3d 11,
121 (2d Cir. 2013); *Lefkowitz v. Reissman,* 12 CIV. 8703 RA, 2014 WL 925410 (S.D.N.Y. Mar.
7, 2014); *In re Motel 6 Sec. Litig.,* 93 CIV. 2183 (JFK), 1995 WL 431326 (S.D.N.Y. July 20,
1995); *United States v. Indelicato,* 865 F.2d 1370, 1386 (2d Cir. 1989); *Vicon Fiber Optics Corp.
v. Scrivo,* 201 F. Supp. 2d 216, 219 (S.D.N.Y. 2002)

any bearing on a defendant's liability for the plaintiff's claimed losses. You should consider the term "racketeering" only in the precise way that I will define it for you in these instructions. You should not confuse that definition with, or in any way be influenced by, any prior understandings which you may have of the term "racketeering."

The words "Racketeer Influenced and Corrupt Organizations Act" are those used by Congress in 1970, when the law was enacted, to describe this particular statute. By using the word "racketeer" in the title of the statute, you should not assume that defendants South Pacific, Carlos Aguirre, or Edward Hickey are "racketeers" in the ordinary sense because they have been sued under the RICO Act. That conception does not have any application in this case.

You are further instructed that mere violations of the law are not sufficient to establish a violation of RICO for purposes of this civil action. NYKCOOL A.B. must prove by a preponderance of the evidence each element of a RICO claim.

**Definition of a "Person"**

A "person" under the law includes but is not limited to any person or entity that is capable of holding a legal or beneficial interest in property. A corporation is a legal entity that, like a person, is capable of holding a legal or beneficial interest in property.

**Definition of an "Enterprise"**

The term "enterprise" includes any individual, partnership, corporation, association, or other legal entity. A RICO enterprise may not consist merely of a corporate defendant associated with its own employees or agents. An enterprise "affects interstate or foreign commerce" if the enterprise either engages in, or has an effect on commerce between the states or between the states and foreign countries.

**Distinctiveness Requirement**

Under RICO, the plaintiff must allege two distinct entities: (1) a "person" and (2) an "enterprise" that may not simply be the same "person" referred to by a different name.  It is not sufficiently distinct for the plaintiff to allege that a corporation has violated the statute by conducting an enterprise that consists of itself plus all or some of its officers or employees.  A "person" violates RICO by conducting an enterprise through a pattern of criminal activity and therefore a corporate person cannot violate the statute by corrupting itself.

**Definition of "Interstate Commerce"**

"Interstate commerce includes the movement of goods, services, money, and individuals between states (or between states and a U.S. Territory or possession or between the United States and a foreign state or nation)."

**Definition of "Racketeering Activity"**

"Racketeering activity" in this case means an act in violation of the federal wire fraud statute (18 U.S.C. § 1343), or the federal mail fraud statute (18 U.S.C. § 1341). A "racketeering activity" may also be referred to as a "predicate offense" or "predicate act." You are to draw no conclusion from the use of this term that is in any way detrimental to the defendants. You will be instructed on the law pertaining to these statutes to guide you in determining whether the plaintiff proved by a preponderance of the evidence that a defendant committed two or more violations of these statutes.  In this case, plaintiffs allegations of mail and wire fraud merit particular scrutiny because the use of mail or wires to communicate is not in and of itself illegal.

**Definition of a "Pattern of Racketeering Activity"**

A "pattern of racketeering activity" requires that the plaintiff prove that a defendant committed at least two acts of "racketeering activity" within ten years of each other and that both

of the acts occurred after October 15, 1970. The proof of two or more predicate acts does not in and of itself establish a "pattern" under RICO. The plaintiff must also prove that the acts are related and amount to or pose a threat of continuing illegal activity.  The continuity requirement may be satisfied by establishing either a closed-ended pattern—that is, past illegal conduct extending over a substantial time period—or open-ended continuity—illegal conduct coupled with a threat of continued illegal conduct.  Predicate acts extending over a few weeks or months and threatening no future illegal activity do not satisfy the requirement of a closed-ended pattern. Rather a series of predicate acts extending over a substantial time period must be established.

The two acts need not be of the same kind.  For example, the acts may be one act of mail fraud and one act of wire fraud. However, you must find by a preponderance of the evidence that the two acts occurred within the time specified and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern."  A series of wholly separate, isolated or disconnected acts of racketeering activity does not constitute a pattern.

**Plaintiffs Alleged Predicate Acts**[31]

Plaintiff NYKCOOL A.B. has alleged that each of the defendants has committed an unspecified number of predicate acts including violations of the mail fraud and wire fraud statutes, 18 U.S.C. § 1341 and 18 U.S.C. § 1343.

Plaintiff NYKCOOL A.B. has alleged that "the actions of the defendants … consisted of multiple acts in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1344, which acts consisted of agreeing to and conspiring to use wire and U.S. mail activities at the times, places and circumstances referred to herein to transfer assets and valuable rights, titles and interests from

---

[31] Joint Requests to Charge Jury, *Air China Ltd. v. Li,* No. 07 Civ. 11128 (LTS) (DFE) (S.D.N.Y. 2010).

the parties found jointly and severally liable to NYKCOOL by virtue of the Award and the judgments in the related action, as well as the instant action." [Sic].

It is your function to decide whether the plaintiff has proved by a preponderance of the evidence as to each defendant whether that defendant violated either or both of those statutes such that any such violations constituted a pattern of racketeering activity.

THE PARTIES' REQUEST TO CHARGE NO. 29:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
PREDICATE ACT: 18 U.S.C. § 1341 MAIL FRAUD[32]

In this action, the plaintiff has alleged that defendants engaged in mail fraud, a federal

crime. There are three requirements which you must find in order to establish that a defendant

committed mail fraud. You also must find that each defendant committed mail fraud on at least

two occasions.

The mail fraud statute, Section 1341 of Title 18 of the United States Code, provides in

pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for
> obtaining money or property by means of false or fraudulent pretenses, representations,
> or promises ... for the purpose of executing such scheme or artifice or attempting so to do,
> places in any post office or authorized depository for mail matter, any matter or thing
> whatever to be sent or delivered by the Postal Service, or deposits or causes to be
> deposited any matter or thing whatever to be sent or delivered by any private or
> commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or
> knowingly causes to be delivered by mail or such carrier according to the direction
> thereon, or at the place at which it is directed to be delivered by the person to whom it is
> addressed, any such matter or thing [shall be guilty of mail fraud].

To establish a violation of the federal mail fraud statute, the plaintiff must prove that the

defendant committed the following elements:

---

[32] Proposed Jury Instructions - RICO (mail fraud), 3 Franch & Distr Law & Prac § 17:95 (2013);
Proposed Jury Instructions, *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.,* 2004 WL
547695; RICO Jury Instructions, 8 Bus. & Com. Litig. Fed. Cts. § 96:96 (3d ed. 2013); Joint
Requests to Charge Jury, *Air China Ltd. v. Li,* No. 07 Civ. 11128 (LTS) (DFE) (S.D.N.Y. 2010);
*Segarra v. Messina,* 153 F.R.D. 22, 27; *Li Jun An v. Hui Zhang,* 13 CIV. 5064 PKC, 2013 WL
6503513 (S.D.N.Y. Dec. 6, 2013); *Turkish v. Kasenetz,* 964 F. Supp. 689, 694 (E.D.N.Y. 1997);
*United States v. Regan,* 937 F.2d 823, 827 (2d Cir.1991); *O'Malley v. New York City Transit
Auth.,* 896 F.2d 704, 706 (2d Cir. 1990); *United States v. Winans,* 612 F. Supp. 827, 847
(S.D.N.Y. 1985), *aff'd in part, rev'd in part sub nom. United States v. Carpenter,* 791 F.2d 1024
(2d Cir. 1986), *aff'd,* 484 U.S. 19 (1987); *W.E. Darin Const. Enter., Inc. v. Detroit Coke Co.,* 814
F. Supp. 325, 330 (W.D.N.Y. 1993); *In re Sumitomo Copper Litig.,* 995 F. Supp. 451, 455
(S.D.N.Y. 1998).

First: That the defendant willfully and knowingly devised a scheme or artifice to defraud, or to obtain money or property by means of false pretenses, representations, or promises, and

Second:  That the defendant used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme or plan to defraud.

The use of the United States mails is an essential element of the predicate act of mail fraud.  Each separate use of the mails in furtherance of a scheme or plan to defraud constitutes a separate predicate act of mail fraud.

For purpose of the mail fraud statutes, to establish fraudulent intent on the part of any person, it must be established that such person knowingly and intentionally attempted to deceive another. To act with "intent to defraud" means to act knowingly and with specific intent to deceive.

The words "scheme" and "artifice," as used in the mail fraud statutes, include any plan or course of action intended to deceive another, and to obtain property by false or fraudulent pretenses, representations, or promises, from the persons so deceived.

Acts done inadvertently, mistakenly, or in good faith without an intent to defraud do not satisfy the requirements of the statute.

Good faith constitutes a complete defense to mail fraud. It is the plaintiff's burden to prove by a preponderance of the evidence that there was a lack of good faith.  Good faith means the actor had a genuine belief that the actor's actions were not illegal or that the information which was sent or given was true. Under the mail fraud statutes, even false representations or statements or admissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or

carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate their statements may turn out to be.

The plaintiff must prove by a preponderance of the evidence that one or more of the defendants knowingly and willfully devised or intended to devise a scheme to defraud which was substantially the same as the one alleged by the plaintiff and that the use of the United States Mail was closely related to the scheme in that one or more of the defendants either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. One causes the mails to be used if he does an act with knowledge that the use of the mails will follow in the ordinary course of business, or if he can reasonably foresee such use.

In determining whether a pattern of racketeering activity has been proved, you may consider only a particular defendant's alleged deceptive or fraudulent activity. You may not consider innocent mailings although they may have continued for a substantial period of time.

THE PARTIES' REQUEST TO CHARGE NO. 30:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
PREDICATE ACT: 18 U.S.C. § 1343 WIRE FRAUD[33]

In this action, the plaintiff has alleged that defendants engaged in predicate act(s) of wire

fraud, a federal crime. The wire fraud statute, Section 1343 of Title 18 of the United States Code,

provides in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for
> obtaining money or property by means of false or fraudulent pretenses, representations,
> or promises, transmits or causes to be transmitted by means of wire, radio, or television
> communication in interstate or foreign commerce, any writings, signs, signals, pictures,
> or sounds for the purpose of executing such scheme or artifice, [shall be guilty of wire
> fraud].

To establish that wire fraud has been committed, the plaintiff must prove each of the

following by a preponderance of the evidence as to each defendant so charged:

First: The existence of a scheme or artifice to defraud by fraudulent pretenses,

representations or promises;

Second: That the defendants participated in the scheme to defraud knowingly, willfully,

and with criminal intent to defraud; and

Third: That in execution or in furtherance of the alleged scheme, the defendant you are

considering transmitted or caused to be transmitted in interstate or foreign commerce

wires.

---

[33] Proposed jury instructions - RICO (mail fraud), 3 Franch & Distr Law & Prac § 17:95; 18
U.S.C.A. § 1343; *U.S. v. Cioffi,* 08-cr-415 (FB) (S.D.N.Y. 2009) (citing 2 L. Sand, *et al.*, *Modern
Federal Jury Instructions* – Inst. 44-3 (modified)); 3 Franch & Distr Law & Prac § 17:95;
*Carpenter v. United States*, 484 U.S. 19, 25 (1987); *United States v. Beech-Nut Nutrition Corp.,*
871 F.2d 1181, 1196 (2d Cir. 1989).

Since an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of wire fraud.  The burden is on plaintiff to prove fraudulent intent and lack of good faith.  Under the wire fraud statutes, even false representations or statements or admissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate their statements may turn out to be.

In determining whether a pattern of racketeering activity has been proved, you may consider only a particular defendant's alleged deceptive or fraudulent activity. You may not consider innocent wires although they may have continued for a substantial period of time.

THE PARTIES' REQUEST TO CHARGE NO. 31:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
18 U.S.C. §1962(a) [34]

The plaintiff alleges that the defendants violated Section 1962(a) of RICO, which reads in

pertinent part as follows:

> It shall be unlawful for any person who has received any income derived, directly or
> indirectly, from a pattern of racketeering activity ... in which such person has participated
> as a principal ..., to use or invest, directly or indirectly, any part of such income, or the
> proceeds of such income, in acquisition of any interest in, or the establishment or
> operation of, any enterprise which is engaged in, or the activities of which affect,
> interstate or foreign commerce.

In order to prevail under Section 1962(a), plaintiff NYKCOOL A.B. must prove by a

preponderance of evidence the following elements:

First: that an "enterprise" existed;

Second: that the enterprise engaged in, or had some effect upon, interstate (or foreign)
commerce;

Third: that the defendant derived income from a pattern of racketeering activity; and

Fourth: that some part of that income was used in acquiring an interest in, or operating,
the enterprise.

---

[34] *United States v. Eppolito,* 543 F.3d 25 (2d Cir. 2008) ; *United States v. Jones,* 482 F.3d 60 (2d
Cir. 2007); 4-84 *Modern Federal Jury Instructions - Civil* P 84.02 (2014); *Tokyo Electron
Arizona, Inc. v. Discreet Indus. Corp.,* 2004 WL 547695 (E.D.N.Y. 2004) (Jury Instruction);
Joint Requests to Charge Jury, *Air China Ltd. v. Li,* No. 07 Civ. 11128 (LTS) (DFE) (S.D.N.Y.
2010); *Picard v. Kohn,* 11 CIV. 1181 JSR, 2011 WL 10894857 (S.D.N.Y. Sept. 6, 2011); *In re
Motel 6 Sec. Litig.,* 161 F. Supp. 2d 227, 247 (S.D.N.Y. 2001); *Pohlot v. Pohlot,* 664 F. Supp.
112, 117 (S.D.N.Y. 1987); *United States v. Johnson*, NO. CRIM. 3:06CR160 JBA, 2013 WL
3422016 (D. Conn. July 8, 2013);

The definitions and instructions that I gave to you earlier as to "enterprise," ""racketeering activity," "pattern of racketeering activity," "conduct through a pattern of racketeering activity" and "engaged in, or had some effect upon, interstate (or foreign) commerce" apply here.

The first element that the plaintiff must prove by a preponderance of the evidence is that an "enterprise" existed as alleged in the complaint.  The plaintiff has alleged the following as constituting the enterprise: "the individual defendants and the corporate defendants … each of them acting as a part of a racketeering enterprise."  If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

The second element that the plaintiff must prove by a preponderance of the evidence is that the enterprise was engaged in, or had an effect upon, interstate (or foreign) commerce.

The third element that the plaintiff must prove is that the defendant derived income from a pattern of racketeering activity.  To derive income from a pattern of racketeering activity means that the defendant has earned some income through a pattern of racketeering activity.

The fourth element that the plaintiff must prove is that the defendants used, directly or indirectly, any part of the income derived from a pattern of racketeering activity to acquire an interest in, to establish, or to operate the enterprise.  To "acquire an interest in" means to obtain, receive, or gain in whatever manner a right, claim, title, or legal share in something. To "establish" means to found or create. To "operate" means to conduct the affairs of or to manage. This element is satisfied if you find that a defendant invested income from racketeering activities in the enterprise or if you find that he or she used such income to establish or operate the enterprise.

However, a defendant must do more than simply acquire an interest in, establish, or operate the enterprise. Section 1962(a) is violated only if these acts were accomplished through the use or investment, directly or indirectly, of income obtained from the pattern of racketeering activity or the proceeds of such income. Thus, Section 1962(a) is not violated if a defendant used income obtained from sources other than the pattern of racketeering activity to acquire an interest in, or to establish or operate, the enterprise.

You should note that the pattern of racketeering activity must be one in which the defendant has participated as a "principal." Thus in order to satisfy that element, the plaintiff must prove a defendant was a "principal" by showing by a preponderance of the evidence:

First: That the defendant knowingly and willfully committed, or knowingly and willfully committed of two or more alleged predicate offenses that constitute the alleged pattern of racketeering activity, and

Second: That the defendant knowingly and willfully received income derived, directly or indirectly, from that alleged pattern of racketeering activity.

The word "knowingly," as that term has been used in these instructions, means that the action was done voluntarily and intentionally and not because of mistake, accident, ignorance of the facts, or for other innocent reason.

The word "willfully," as that term has been used in these instructions, means that the action was committed voluntarily and purposely, with the specific intent to do something the law forbids. The action must have been done with the purpose to either to disobey or disregard the law.

THE PARTIES' REQUEST TO CHARGE NO. 32:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
18 U.S.C. §1962(b)[35]

The plaintiff alleges that the defendants violated Section 1962(b) of RICO, which reads in pertinent part as follows:

It shall be unlawful for any person through a pattern of racketeering activity (or through collection of an unlawful debt) to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

In order to prevail under Section 1962(b), plaintiff NYKCOOL A.B. must prove by a preponderance of evidence the following elements:

First: That an "enterprise" existed;

Second: That the enterprise engaged in, or had some effect upon, interstate (or foreign) commerce;

Third: That the defendant engaged in a pattern of racketeering activity; and

Fourth: That, through the pattern of racketeering activity, the defendant acquired or maintained an interest in, or controlled the enterprise.

The definitions and instructions that I gave to you earlier as to "enterprise," "racketeering activity," "pattern of racketeering activity," "conduct through a pattern of racketeering activity" and "engaged in, or had some effect upon, interstate or foreign commerce" apply here.

The first element that the plaintiff must prove by a preponderance of the evidence that an

---

[35] 4-84 *Modern Federal Jury Instructions - Civil* P 84.02 (2014); *United States v. Eppolito,* 543 F.3d 25 (2d Cir. 2008); *United States v. Jones,* 482 F.3d 60 (2d Cir. 2007); *Browning Ave. Realty Corp. v. Rosenshein,* 774 F. Supp. 129, 140 (S.D.N.Y. 1991).

"enterprise" existed as alleged in the complaint.  The plaintiff has alleged the following as constituting the enterprise: "the individual defendants and the corporate defendants … each of them acting as a part of a racketeering enterprise."  If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

The second element that the plaintiff must prove by a preponderance of the evidence that the enterprise was engaged in, or had an effect upon, interstate (or foreign) commerce.

The third element that the plaintiff must prove is that each defendant engaged in a pattern of racketeering activity.

The fourth element the plaintiff must prove is that the defendant, through the pattern of racketeering activity, acquired or maintained an interest in, or control of, the enterprise.

To satisfy this element, the plaintiff must prove not only that a defendant had some interest in, or control over, the enterprise, but also that this interest or control was associated with, or connected to, the pattern of racketeering activity.

THE PARTIES' REQUEST TO CHARGE NO. 33:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
18 U.S.C. § 1962(c)[36]

The plaintiff also has alleged that defendants South Pacific, Aguirre and Hickey have

violated Section 1962(c) of RICO:

Section 1962(c) of RICO, reads as follows:

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or
> participate, directly or indirectly, in the conduct of such enterprise's affairs through a
> pattern of racketeering activity....

To establish that these defendants violated Section 1962(c), the plaintiff must prove each

of the following five elements by a preponderance of the evidence:

First: That an "enterprise" existed;

Second: That the enterprise engaged in, or had some effect upon, interstate or foreign

commerce;

Third: That the defendant was employed by or associated with the enterprise;

Fourth: That the defendant knowingly and willfully conducted or participated, directly or

indirectly, in the conduct of the affairs of the alleged enterprise; and

Fifth: That the defendant did so knowingly and willfully through a pattern of

---

[36] *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.,* 2004 WL 547695 (E.D.N.Y. 2004)
(Jury Instruction); Joint Requests to Charge Jury, *Air China Ltd. v. Li,* No. 07 Civ. 11128 (LTS)
(DFE) (S.D.N.Y. 2010); *United States v. Eppolito,* 543 F.3d 25 (2d Cir. 2008); *United States v.
Jones,* 482 F.3d 60 (2d Cir. 2007); *DeFalco v. Bernas,* 244 F.3d 286, 309 (2d Cir. 2001); *United
States v. Diaz,* 176 F.3d 52 (2d Cir. 1999); *United States v. Khan,* 53 F.3d 507 (2d Cir. 1995);
*United States v. Lorenzo,* 534 F.3d 153, 159 (2d Cir. 2008); *Reves v. Ernst & Young,* 507 U.S.
170, 179 (1993); *Salinas v. United States,* 522 U.S. 52, 65 (1997).

racketeering activity.

The definitions and instructions that I gave to you earlier as to "enterprise," "racketeering activity," "pattern of racketeering activity," "conduct through a pattern of racketeering activity" and "engaged in, or had some effect upon, interstate or foreign commerce" apply here.

The first element that the plaintiff must prove by a preponderance of the evidence that an "enterprise" existed as alleged in the complaint.  The plaintiff has alleged the following as constituting the enterprise: "the individual defendants and the corporate defendants … each of them acting as a part of a racketeering enterprise."   The first element that the plaintiff must prove by a preponderance of the evidence is that a person be "employed by or associated with" the enterprise.

The fourth and fifth elements require that the plaintiff prove by a preponderance of the evidence that the defendant knowingly and willfully conducted or participated in the conducting of the affairs of the alleged enterprise through a pattern of racketeering activity. The plaintiff must prove by a preponderance of the evidence a sufficient connection between the enterprise, a defendant, and the alleged pattern of racketeering activity. In order to establish a sufficient connection between the enterprise, a defendant and the alleged pattern of racketeering activity, the plaintiff must prove by a preponderance of the evidence:

First: That the defendant participated in the operation or management of the enterprise itself in such a way, directly or indirectly, as to have played some part in directing the affairs of the enterprise.

Second: That the defendant in fact engaged in the pattern of racketeering activity as the plaintiff claims;

Third: That the defendant's association with or employment by the enterprise facilitated his commission of the racketeering acts; and

Fourth: That the commission of these predicate acts had some direct or indirect effect on the alleged enterprise.

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

THE PARTIES' REQUEST TO CHARGE NO. 34:

RACKETEER-INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
18 U.S.C. §1962(d)[37]

Plaintiff also claims that all of the defendants violated Section 1962(d) of RICO because it alleges that the defendants agreed or conspired to violate the RICO law.

Section 1962(d) of Title 18 of the United States Code, the RICO Act, reads as follows: "It shall be unlawful for any person to conspire to violate any of the provisions of 18 U.S.C.A. §1962(a), (b), or (c)."

A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of Section 1962(a), (b), and/or (c) under the law that I have given you with respect to those sections.

To establish a violation of Section 1962(d), the plaintiff must prove by a preponderance of the evidence:

First:  That an enterprise existed as alleged in the complaint;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was associated with, or employed by, the enterprise;

Fourth, that the defendant knowingly and willfully became a member of the conspiracy.

---

[37] Joint Requests to Charge Jury, *Air China Ltd. v. Li,* No. 07 Civ. 11128 (LTS) (DFE) (S.D.N.Y. 2010); *Shams v. Fisher,* 107 F. Supp. 2d 266, 278 (S.D.N.Y. 2000); *In re Crazy Eddie Sec. Litig.,* 812 F. Supp. 338, 355 (E.D.N.Y. 1993); *Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993); *Salinas v. United States,* 522 U.S. 52, 65 (1997).

The definitions and instructions that I gave to you earlier as to "enterprise," "racketeering activity," "pattern of racketeering activity," "conduct through a pattern of racketeering activity" and "engaged in, or the activities of which affect, interstate or foreign commerce" apply here.

In regard to the third element of the claim of conspiracy, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering alleged by the plaintiff, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise. Instead, the plaintiff must prove by a preponderance of the evidence that the alleged conspirators agreed to conduct or participate in the conduct of the affairs of the alleged enterprise that includes two or more racketeering acts in furtherance of the affairs of the alleged enterprise. The plaintiff must also prove, by a preponderance of the evidence, that the alleged racketeering acts would create a "pattern of racketeering activity" as I defined that phrase to you.

As to the fourth element of the alleged conspiracy violation—knowing and willful membership in the conspiracy—the plaintiff must prove by a preponderance of the evidence:

First: That the defendant knew that the basic object of the alleged conspiracy was conducting the alleged enterprise through a pattern of racketeering activity;

Second: That the defendant knowingly and willfully agreed to participate in a conspiracy including the commission of at least two acts of racketeering as a "pattern of racketeering activity" as I have defined it; and

Third: That the defendant knowingly and willfully agreed to conduct or participate in the conduct of the affairs of the alleged enterprise through this pattern of racketeering activity.

Mere presence at the scene of some transaction or event, or mere similarity of conduct

among various persons and the fact that they may have associated with each other, and may have

assembled together and discussed common aims and interests, does not necessarily prove the

existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who

happens to act in a way which advances some object or purpose of a conspiracy, does not

thereby become a conspirator.

In your consideration of this conspiracy claim, you should first determine whether

the alleged conspiracy existed. If you conclude that a conspiracy did exist as alleged, you should

next determine whether or not the defendant under consideration willfully became a member of

that conspiracy.

If you find that no such conspiracy existed, then you must find for the defendants.

However, if you are satisfied that such a conspiracy existed, you must determine who were the

members of that conspiracy.

If you find that a particular defendant is a member of another conspiracy, but not the one

charged by the plaintiff, then you must find for that defendant. In other words, you cannot find

that a defendant violated Section 1962(d) unless you find that he was a member of the conspiracy

charged.

THE PARTIES' REQUEST TO CHARGE NO. 35:

RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)
CAUSATION & DAMAGES[38]

If you find that defendants South Pacific, Aguirre or Hickey committed a violation of

Section 1962 (a), (b), (c), or (d), you must next consider whether the plaintiff was injured in their

business or property by reason of the violation of Section 1962.

The fact that I charge you on the issue of damages does not mean that the plaintiff is

entitled to prevail--that is for you to decide. I instruct you on this subject only in the event that

you decide that plaintiff has sustained the burden of proof as to the elements of the claim under

the standards I have described.

For the plaintiff to recover, you must find that the following elements were established:

> First: That the defendant violated Section 1962;

> Second: That the plaintiff sustained injury to their business or property;

> Third: That such injury was sustained by reason of the defendant's Section 1962

> violation.

It is not enough for the plaintiff to establish a Section 1962 violation and the occurrence

of business or property injuries. A finding that the plaintiff was injured in his business or

---

[38] Joint Requests to Charge Jury, *Air China Ltd. v. Li,* No. 07 Civ. 11128 (LTS) (DFE) (S.D.N.Y. 2010); *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.,* 2004 WL 547695 (E.D.N.Y. 2004) (Jury Instruction) (citing O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions: Civil (5th ed. Vol. 3B) §161.1-100 (2001); American Bar Association, Sample Civil RICO Jury Instructions (1994)); *Hollander v. Flash Dancers Topless Club,* 340 F. Supp. 2d 453 (S.D.N.Y. 2004), *aff'd*, 173 F. App'x 15 (2d Cir. 2006); *4 K & D Corp. v. Concierge Auctions, LLC,* 13 CIV. 2527 JGK, 2014 WL 904451 (S.D.N.Y. Mar. 10, 2014); *Bank of China, New York Branch v. NBM LLC,* 359 F.3d 171, 178 (2d Cir. 2004); *Allen v. New World Coffee, Inc.,* 00 CIV. 2610 (AGS), 2002 WL 432685 (S.D.N.Y. Mar. 19, 2002); *Protter v. Nathan's Famous Sys., Inc.*, 925 F. Supp. 947, 954-55 (E.D.N.Y. 1996); *Gelb v. Am. Tel. & Tel. Co.,* 813 F. Supp. 1022, 1025 (S.D.N.Y. 1993); *In re Crazy Eddie Sec. Litig.,* 812 F. Supp. 338, 355 (E.D.N.Y. 1993)

property because of a defendant's violation of RICO requires that you find the plaintiff was harmed by the predicate acts.

For the plaintiff to prevail under RICO, it must prove by a preponderance of the evidence that a defendant's RICO violations were the "proximate cause" of injury to the plaintiff's business or property. Therefore you must find that the plaintiff suffered an injury to his business or property and that the injury was caused by reason of a defendants' violation of RICO.

Here, the plaintiff is seeking only reasonable attorney's fees incurred in the present action.

## IV.    THE PARTIES' REQUEST TO CHARGE ON VERDICT

THE PARTIES' REQUEST TO CHARGE NO. 36:

DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide this case for yourself, but only after an impartial consideration of the evidence in this case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.[39]

---

[39]    3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 106.01 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 37:

ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one member of the jury to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.[40]

---

[40] 3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 106.04 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 38:

VERDICT FORMS – JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.[41]

---

[41]     3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 106.07 (6th ed. 2014).

THE PARTIES' REQUEST TO CHARGE NO. 39:

COMMUNICATIONS BETWEEN COURT AND JURY
DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you

may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.

No member of the jury should ever attempt to communicate with me by any means other than a

signed writing, and I will never communicate with any member of the jury on any subject

touching the merits of this case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well

as all other persons, are forbidden to communicate in any way or manner with any member of the

jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me –

how the jury stands, numerically or otherwise, on the questions before you, until after you have

reached a unanimous verdict.[42]

---

[42]    3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions - Civil* § 106.08 (6th ed. 2014).