UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYKCOOL A.B., <br><br> Plaintiff, <br><br> - against - <br><br> PACIFIC INTERNATIONAL SERVICES, INC., PAN AMERICAN TRADING COMPANY, INC., FRUIT IMPORTERS AMERICAS, INC., PACIFIC GROUP HOLDING, INC., ECUADORIAN LINE, SOUTH PACIFIC SHIPPING CO. LTD., ALVARO FERNANDO NOBOA PONTON, CARLOS AGUIRRE, CARLOS AHLSTROM, EDWARD HICKEY,  ROBERT KISSINGER, and TRUISFRUIT S.A., <br><br> Defendants. <br><br> - and - <br><br> PACIFIC FRUIT, INC. and KELSO ENTERPRISES LTD., <br><br> Defendants-in-Interest. | 12 Civ. 5754 (LAK) (AJP) <br><br> **REPLY BRIEF BY DEFENDANT TRUISFRUIT S.A. IN FURTHER SUPPORT OF ITS MOTION TO VACATE AND REOPEN DEFAULT JUDGMENT** |

I. TRUISFRUIT IS ENTITLED TO PROPER SERVICE, ADVANCE NOTICE, AND AN OPPORTUNITY TO BE HEARD AS TO SERVICE, JURISDICTION, ATTACHMENT OF PROPERTY, AND DISBURSEMENT OF FUNDS

The Court has yet to hear or decide any issues raised by Truisfruit, an Ecuadorian-based fruit exporter, just recently added as a defendant in this suit.  Indeed, Truisfruit was not even named as a defendant, nor were there any allegations against Truisfruit, until a round of discovery as to it and a motion to add it as a defendant was granted very recently in the fall of 2013, and well after any dispositive motions against other defendants were decided.   None of the alter ego issues in this case have been decided on the merits of any conduct of Truisfruit, nor the

propriety of any transfer with Truisfruit, nor veil piercing with Truisfruit as it relates to jurisdiction. Rather, prior decisions on the merits of dispositive motions by the Court were rendered with respect only to defendants sued at that time and not as to Truisfruit. To suggest, as plaintiff does, that any issues were decided as to Truisfruit in prior proceedings is an attempt to lead the Court astray by leaping from a recent amendment merely adding Truisfruit as a defendant, straight to liability, with nothing of substance in between. This Court should not accept NYKCool's invitation to rely on prior decisions to which Truisfruit was not a party or on facts before the Court that have no bearing on the merits as to Truisfruit. *See* NYKCool's Memorandum in Opposition, Dkt. No. 188 at 10-12, 19-23. This Court should address the substantive and factual issues raised by Truisfruit as a new party challenging service and jurisdiction.

Indeed, even when Truisfruit was added as a defendant on motion, in the Amended Complaint adding Truisfruit as a defendant, NYKCool simply added Truisfruit into the litany of broad brushstrokes against "the companies" and cited one instance specific to Truisfruit, the transfer of accounts receivable in exchange for receipt of fruit for value, as a basis for asserting general jurisdiction over Truisfruit. This is not sufficient to invoke general personal jurisdiction over an Ecuadorian company that has submitted a detailed affidavit of Naivyn Castillo establishing (1) that it is a *bona fide* and separate company and (2) that the transfer was for value.

In short, as to Truisfruit, NYKCool has never identified its theory of jurisdiction and the Court must therefore analyze the facts as to general, not specific, jurisdiction. Because the Court re-opened discovery specifically to address questions as to Truisfruit, the facts should be considered and not merely the pleadings, with the burden of proof on NYKCool. Here,

Truisfruit also adopts in full the legal arguments as to service of process and jurisdiction contained in the Motion to Dismiss by defendant Noboa, as if fully stated herein. *See* Dkt Nos. 176, 189. On the facts presented, the transfer to Truisfruit of accounts receivable as payment for fruit delivered is not improper and efforts to collect on the accounts and related expenses are not nearly enough to establish that Truisfruit is in fact "at home" in New York or that it or another company are mere alter egos or departments of one other such that the strong presumption of the separateness of corporate form should be ignored. Even if the Court were to determine that Truisfruit and Fruit Importers America are alter egos (an argument not supported on this record), application of the alter ego theory here does not satisfy due process for the reasons stated in Mr. Noboa's brief nor would application of the New York long arm statute to Truisfruit be constitutional on these facts.

As demonstrated in Truisfruit's first memorandum, NYKCool cannot even argue in support of specific jurisdiction because NYKCool is not a New York company, it is a foreign company based in Sweden. In this regard, it has never been asserted by the plaintiff that it is based here or harmed here, notwithstanding the unusual coincidence that its name seems to suggest some connection to New York through the acronym "NYKCool." Nonetheless, since the start of the case, NYKCool has acknowledged that it is a "foreign corporation." Thus, it is undisputed that the suit involves a foreign shipping conglomerate based in Sweden suing Truisfruit, a fruit exporter in Ecuador, over an international shipping contract and one transfer from a New Jersey company (Fruit Importers) to Truisfruit in Ecuador. It is clear that the connection of a two of those accounts receivable to New York is not enough to hale Truisfruit to New York for accepting the accounts receivables. Nothing in the taking on accounts receivable in two states suggests that Truisfruit purposefully availed itself of the benefits of doing business

in New York. The New York long arm statute does not reach these parties on a specific jurisdiction theory nor would it be constitutional if it did.

To the extent that the Court is inclined to address factual issues raised by Redi Fresh, it should not do so because Redi Fresh has no standing in this case, and Truisfruit will be opposing and moving to strike Redi Fresh's recent filing in which it purports to join NYKCool's opposition. *See* Dkt. No. 191. Nor, in any case, do Truisfruit's communications with Redi Fresh regarding concerns about the attachment order and its right to the attached funds suffice to establish jurisdiction. Post-*Daimler*, a defendant's efforts to enforce and protect its legal rights do not create even specific jurisdiction, let alone establish that a company is entirely "at home" in that jurisdiction for purposes of general jurisdiction. *See, e.g., American Recreation Prods., LLC v. Tennier Industries, Inc.*, __ F. Supp. 2d __, 2014 WL 1315182, at *1, 3-4 (E.D. Mo. March 31, 2014) (defendant patent assignee's "enforcement actions in Missouri, including cease-and-desist letters," stating defendant's belief that plaintiff's product infringed upon its patent, did not provide specific jurisdiction over a patent declaratory judgment action). To the contrary, contacts with Redi-Fresh establish, if anything, that Redi-Fresh and NYKCool were well aware of Truisfruit's right to the proceeds from sale of the fruit, making their failure to serve court notices, failure to timely join Truisfruit as a party, and failure to provide notice of the Order disbursing funds from the court registry all the more wrongful. They were not dealing with an unknown property interest, but rather with a known interest in the proceeds from the sale of perishable goods. In short, NYKCool and Redi-Fresh accomplished all they could to strip Truisfruit of undisputed property rights without providing proper notice, only then to move for a default against Truisfruit.

II. THE APPEAL FROM ENTRY OF THE DEFAULT JUDGMENT WAS NECESSARY BECAUSE IT IS A FINAL JUDGMENT, BUT THE APPEAL DOES NOT DIVEST

## THIS COURT OF JURISDICTION OVER THIS MOTION WITH APPLICATION TO THE SECOND CIRCUIT FOR REMAND AS NEEDED

"[A] Rule 60(b) motion can be made even though an appeal has been taken and is pending." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (internal quotation marks omitted). The Second Circuit "allows a district court either to 'entertain and deny the rule 60(b) motion' without the circuit court's permission, or 'grant a rule 60(b) motion after an appeal is taken . . . if the moving party obtains permission from the circuit court.'" *Id.* (quoting *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992)); *see also* NYKCool's Memorandum in Opposition, Dkt. No. 188 at 10 (citing *King* and *Toliver* and noting these procedures).

Where a district court intends to grant a Rule 60(b) decision, a party should seek permission from the circuit court after the district court first expresses its intention to grant the motion. *See Toliver*, 957 at 49 (explaining that if a district court decides in favor of a Rule 60(b) motion, "then and then only is the necessary remand by the court of appeals to be sought"); *see also, e.g., Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, No. 06-6389, 2010 WL 1946718, at *3 (S.D.N.Y. May 7, 2010) (indicating that the court would be willing to grant the parties' Rule 60(b) motion to vacate a judgment if the Court of Appeals conferred jurisdiction upon this Court by remand, and citing other cases setting forth this procedure).

Applying the foregoing, this Court can entertain Truisfruit's motion. If this Court expresses an intention to grant the motion, Truisfruit will then seek the necessary remand from the Second Circuit. If the Court does not intend to grant this motion, then no further application to the Second Circuit is necessary. But in either event, this Court has the authority from the Second Circuit to hear this motion, indicate its intention to rule, and the Second Circuit will remand to allow the district court to grant it, if the Court is so inclined. If this Court grants the

motion, then Truisfruit will withdraw its appeal. If this Court denies the motion, then Truisfruit will seek to consolidate the default and denial of the motion to vacate the default in a single appeal. This approach is permitted by Second Circuit precedent and is preferred because it will give this Court the opportunity to first consider the motion to vacate and will avoid piecemeal appeals and remands from both the default and the ruling on the motion to reopen. Accordingly, this Court has jurisdiction to hear the motion, express its intent to grant the motion on remand from the Second Circuit upon application by Truisfruit, if it so decides, or deny the motion without further remand from the Second Circuit. Truisfruit respectfully requests that this Court hear the motion and grant it.

Dated: June 3, 2014                    By:             /s/
                                           John C. Ohman

                                           Vandenberg & Feliu, LLP
                                           60 East 42nd Street, 51st Floor
                                           New York, NY  10165
                                           (212) 763-6800

                                           Counsel for Defendant
                                           Truisfruit Sociedad Anonima

## CERTIFICATE OF SERVICE

I, John C. Ohman, hereby declare that on June 3, 2014, I caused a true and correct copy of the foregoing Reply Memorandum to be served via the court's ECF system upon all counsel registered for ECF in this case.

Dated: June 3, 2014         By:         /s/
                                   John C. Ohman

                                   Vandenberg & Feliu, LLP
                                   60 East 42nd Street, 51st Floor
                                   New York, NY  10165
                                   (212) 763-6800