UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NYKCOOL A.B.,

           Plaintiff,

- against -

PACIFIC INTERNATIONAL SERVICES, INC.,
PAN AMERICAN TRADING COMPANY INC.,
FRUIT IMPORTERS AMERICAS, INC., PACIFIC
GROUP HOLDING, INC., ECUADORIAN LINE,
SOUTH PACIFIC SHIPPING CO. LTD.,
ALVARO FERNANDO NOBOA PONTON,
CARLOS AGUIRRE, CARLOS AHLSTROM,
EDWARD HICKEY, ROBERT KISSINGER, and
TRUISFRUIT S.A.,

           Defendants,

- and --
PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,
           Defendants-in Interest.

12 Civ. 5754 (LAK) (AJP)

---

**OBJECTIONS TO ORDER DENYING MR. NOBOA'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS AND
UNDER FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 72(b), Defendant Alvaro Fernando Noboa Ponton ("Mr. Noboa") specially appears and objects to the Honorable Andrew J. Peck's Memo Endorsed Order (Dkt. No. 236, the "Memo Endorsed Order"), which denies Mr. Noboa's motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process and under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (Dkt. No. 234, the "Motion"). The Memo Endorsed Order erroneously concludes that service of process on litigation counsel for Mr. Noboa is permissible without the required showing to comport with due process, and that the Court retains personal jurisdiction over Mr. Noboa.

## I.   STANDARD OF REVIEW

This Court should subject the Memo Endorsed Order to *de novo* review. Review of a recommended ruling of a Magistrate Judge is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Where, as here, a district court refers a dispositive motion to a magistrate judge, "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed R. Civ. P. 72(b)(1).

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added).[1] "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*[2]

---

[1] A party may file objections to proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). Mr. Noboa's objections are timely.

[2] *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.") (emphasis added).

## II. ALLOWING SERVICE ON MR. NOBOA'S LITIGATION COUNSEL WAS IMPROPER BECAUSE NYKCOOL HAS NOT DEMONSTRATED A LEVEL OF COMMUNICATION BETWEEN MR. NOBOA AND LITIGATION COUNSEL SUFFICIENT TO CONSTITUTE AN AGENCY RELATIONSHIP

The Memo Endorsed Order erroneously concludes that the District Court's permission to serve Mr. Noboa's litigation counsel was proper, does not violate Mr. Noboa's due process rights, and that NYKCool was not required to make the proper showing to support such service. *See* Memo Endorsed Order, Dkt. No. 236 at 2. While Mr. Noboa does not dispute that service on an individual through counsel may be permissible under certain circumstances, the Memo Endorsed Order's justifications for denying Mr. Noboa's Motion are insufficient and not persuasive in this case.

Although the Memo Endorsed Order did not address the issue, it is black letter law that "a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012); *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) (permitting service on defendant's attorney where plaintiff submitted affidavits detailing their efforts to effectuate service, the contact between defendant and his attorney regarding the case, and defendant's use of an email account to which that attorney could forward service). Although the Court granted permission for service on counsel, such service must be supported by the necessary showing that counsel effectively serves as agent for the client. NYKCool has made no such showing. To the extent that the Court's ruling did not require such a showing, NYKCool further objects on the ground that the service made does not comport with due process.

Courts generally require that the adequacy of communication between the individual and the attorney rise to the level of a long-standing relationship, such that the attorney could be

considered an agent of the individual. *See, e.g.*, *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective."); *RSM Production Corp. v. Fridman*, 2007 WL 2295907, at *6 (S.D.N.Y. 2007) (permitting service on defendant's United States counsel, only where the defendant's relationship with counsel was "well established" and extended beyond any limited appearance in the litigation at issue, including representation in a long-standing litigation in another federal district court); *but see Bidonthecity.com LLC v. Halverston Holdings Ltd.*, 2014 WL 1331046, at *10 (S.D.N.Y. Mar. 31, 2014) (permitting service on counsel appearing "for the purpose of challenging jurisdiction."); *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (authorizing service on defendant's United States counsel where counsel was "in communication with Defendant in relation to the pending legal proceedings in the United States . . . and will know how to locate Defendant").

In this case, the Memo Endorsed Order does not require proof that litigation counsel is an agent in fact nor has NYKCool made any showing of any kind to establish an agency relationship between Mr. Noboa and litigation counsel. NYKCool's failure to proffer any evidence of the relationship between Mr. Noboa and litigation counsel cannot satisfy the requirement of a long-standing relationship between the attorney and the individual sufficient to establish that litigation counsel is Mr. Noboa's agent. As a result, NYKCool cannot contest, and the Memo Endorsed Order does not address, litigation counsel's special appearance in this matter solely to contest jurisdictional issues, includes the sufficiency of service of process, and the fact that the undersigned has never represented Mr. Noboa in any previous matter, never met Mr. Noboa, and never spoken or corresponded with him. Therefore, NYKCool has failed to carry its

burden to demonstrate a sufficient level of communication between Mr. Noboa and litigation counsel so as to create an agency relationship.

Permitting service on litigation counsel in this case would write Fed. R. Civ. P. 12(b)(5) out of the Federal Rules of Civil Procedure. Courts have recognized that such service creates "an untenable 'Catch–22' in which no defendant could contest personal jurisdiction, because the act of contesting jurisdiction would itself establish jurisdiction." *Swindell v. Florida East Coast Ry. Co.*, 42 F. Supp. 2d 320, 324 (S.D.N.Y. 1999) (rejecting plaintiff's claim that defendant's hiring of New York counsel to contest personal jurisdiction was sufficient to establish personal jurisdiction over defendant); *see also Sikhs for Justice v. Badal*, 736 F.3d 743, 748 (7th Cir. 2013) (Posner, J.) (holding that service on an individual's attorney creates a situation where "a suit could never be dismissed for lack of service—as soon as the defendant's lawyer filed the motion to dismiss for want of service the plaintiff would serve the lawyer"). The Court should not authorize an alternative method of service, such as the one granted here *sua sponte*, that guts Fed. R. Civ. P. 12(b)(5) and is inconsistent with the Federal Rules and due process.

## III.   SERVICE ON MR. NOBOA'S LITIGATION COUNSEL VIOLATES HIS DUE PROCESS RIGHTS

The Memo Endorsed Order erroneously supports service on litigation counsel because "[Mr. Noboa] was clearly full aware of this and the related litigations . . . ." *See* Memo Endorsed Order, Dkt. No. 236 at 2. However, actual knowledge of a litigation cannot cure insufficient service of process. *See* July 15, 2014, Memorandum Opinion, Dkt. No. 228 at 7 n.22 ("Actual notice of the lawsuit is not sufficient."); *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2nd Cir. 1991); *In re Stillwater Capital Partners Inc. Litig.*, 853 F. Supp. 2d 441, 451 (S.D.N.Y. 2012) ("[D]efective service [cannot] be ignored on the mere assertion that a

defendant had actual notice.").[3]  If actual knowledge of a suit were sufficient to permit service on an individual through their litigation counsel, then the mere appearance of an attorney to challenge service would be evidence of the individual's actual knowledge of the proceedings, and would thus always permit a court to fashion service via litigation counsel.  Moreover, actual knowledge is not a relevant factor for determining whether or not service comports with due process.

Constitutional due process requires that service of process, including any alternate method of service approved by the court, must "be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950); *see also In re Sinohub*, 2013 WL 4734902, at *1 (S.D.N.Y. Aug. 14, 2013) (citing *Luessenhop v. Clinton Cnty., N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006)).  Service on counsel is not reasonably calculated to apprise the individual of the pendency of the action, where a litigation counsel's relationship with the individual is insufficient to create agency.  *See, e.g., Madu Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116-17 (S.D.N.Y. 2010) (denying service on co-defendants' United States counsel because"[g]iven the absence of communication between the [law firm] and [the two unserved defendants], serving [the law firm] would not provide notice reasonably calculated to apprise [the two unserved defendants] of the pendency of this action."); *RSM Production Corp.*, 2007 WL 2295907, at *6 (permitting service on defendant's United States counsel, where the relationship was "well established and extend[ed] beyond any limited appearance in this lawsuit.").

---

[3] Indeed, if mere awareness was the test, then a defendant could never contest service.

In this case, service on litigation counsel violates Mr. Noboa's due process rights because the relationship between Mr. Noboa and litigation counsel is not sufficient to establish that litigation counsel is an agent of Mr. Noboa. In addition, NYKCool has not carried its burden and proffered any evidence at all. As stated above, litigation counsel has entered a limited appearance to challenge personal jurisdiction, including service of process, has never represented Mr. Noboa in another matter, and has never directly communicated with him.

## IV. NYKCOOL HAS NOT REASONABLY ATTEMPTED TO SERVE MR. NOBOA

The Memo Endorsed Order alludes to NYKCool's "difficulty in serving Noboa" but did not address whether NYKCool reasonably attempted to effectuate service on Mr. Noboa. It is clear that a district court may require the party seeking an alternate means of service to demonstrate that they have reasonably attempted to serve the defendant. *Madu*, 265 F.R.D. at 115; *see also Prediction Co. LLC*, 2010 WL 1050307, at *2 (permitting service on defendant's attorney where plaintiff submitted affidavits detailing their efforts to effectuate service).

NYKCool has not proffered any evidence of its attempts to serve Mr. Noboa. In fact, NYKCool never even sought leave to serve litigation counsel. Rather, the Court permitted such service *sua sponte*. Indeed, the only evidence of NYKCool's attempts to serve Mr. Noboa has been scant. NYKCool cannot hide behind its mere assertion that "it would be difficult" to serve Mr. Noboa personally at the same time that NYKCool is presumably aware of his address. *See* July 15, 2014, Memorandum Opinion, Dkt. No. 228 at 2; *see also Madu*, 265 F.R.D. at 116 ("[U]nsupported statements do not constitute a reasonable attempt to effectuate service that courts in this Circuit require before obtaining the Court's assistance."). The court has held that NYKCool's attempted service of the amended complaint by Federal Express and by email has been improper. *See* July 15, 2014, Memorandum Opinion, Dkt. No. 228 at 10. The record here establishes that those two actions—a Fed Ex and an email—are the only two actions undertaken

to effect service on Mr. Noboa in the entire three plus years that this suit has been pending. Furthermore, in the three years since this litigation began, NYKCool made no effort to serve Mr. Noboa pursuant to the Inter-American Convention on Letters Rogatory and Additional Protocol.

NYKCool's dismal efforts to serve Mr. Noboa should not be turned into a sword permitting a method of service it never requested. NYKCool has failed to even file a motion seeking this manner of service let alone a motion supported by evidence comporting with due process requirements. Therefore, permitting service via email on litigation counsel was improper. As such, NYKCool's failure to properly serve Mr. Noboa warrants dismissal of its claims against Mr. Noboa. The amended complaint should be dismissed for lack of proper service.

## V. PRINCIPLES OF COMITY COUNSEL AGAINST ALLOWING SERVICE ON COUNSEL APPEARING MERELY TO CHALLENGE JURISDICTION

The Memo Endorsed Order does not account for principles of comity when permitting service on United States counsel for the purpose of obtaining jurisdiction over a foreign national. *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 764 (2014) (considering "international rapport" in rejecting jurisdiction over a dispute in Argentina, South America as a violation of principles of comity). Subjecting a foreign national, who is contesting service of process, to personal jurisdiction through service on his or her United States litigation counsel goes against the principles of comity.

## VI. MR. NOBOA PRESERVES HIS DEFENSES FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION

Mr. Noboa's earlier papers before this Court have set out Mr. Noboa's defenses regarding lack of personal and subject matter jurisdiction. *See* Dkt. 176 at 4-21; Dkt. 189 at 9-12; Dkt. 209 at 6-10; Dkt. 235 at 1-10. Mr. Noboa interprets the Court's July 15, 2014 Memorandum Opinion and August 8, 2014 Memo Endorsed Order as having rejected these

defenses. *See* July 15, 2014 Memorandum Opinion, Dkt. No. 228 at 6, 10-14 and August 8, 2014 Memo Endorsed Order, Dkt. No. 236 at 2. In an abundance of caution, Mr. Noboa incorporates his arguments from his earlier filings herein in order to preserve these issues.

Dated: August 22, 2014        By:            /s/
                                   Carla R. Walworth

                                   Paul Hastings LLP
                                   75 East 55th Street
                                   New York, NY 10022-3205
                                   (212) 318-6000

                                   Counsel for Defendant
                                   Alvaro Fernando Noboa Ponton

## CERTIFICATE OF SERVICE

I, Carla R. Walworth, hereby declare that on August 22, 2014, I caused a true and correct copy of the foregoing Memorandum to be served via the court's ECF system upon all counsel registered for ECF in this case.

Dated: August 22, 2014          By:          _____s/_____
                                              Carla R. Walworth

                                              Paul Hastings LLP
                                              75 East 55th Street
                                              New York, NY 10022
                                              1(212) 318-6000